CUDAHY PACKING COMPANY, a Corporation, *Plaintiff in Error*, vs. ELIZABETH ELLIS and CHARLES ELLIS, *Defendants in Error*.

140 So. 918.

Division B.

Opinion filed April 19, 1932.

Petition for rehearing denied May 25, 1932.

*E. C. Maxwell*, for Plaintiff in Error;

*Reese & Reese* and *Forsyth Caro,* for Defendants in Error.

TERRELL, J.—Defendants in Error recovered a judgment against the Plaintiff in Error in the sum of $9566, for the wrongful death of Lawrence Ellis, son and brother of Defendants in Error (Sections 4960 and 4961 Revised General Statutes of 1920, Sections 7047 and 7048 Compiled General Laws of 1927). The trial court ordered a remittitur of $3056 which was entered and the judgment allowed to stand for the balance, leaving the final judgment at $6500, to which this writ of error was prosecuted.

Two errors are assigned here for review, one predicated on the excessiveness of the judgment, and the other on the irregularity of a charge, in that it was deleted and not given as requested by the defendant.

We have examined the charge as requested and as given, together with the general charge as given by the court, and we do not think that reversible error was shown to have been committed.

As to the excessiveness of the judgment, plaintiff in error contends that it not being liable for exemplary or punitive damages nor for the loss of companionship, mental pain, or anguish, that this is a case where the naked money question of the value of reasonably anticipated support is involved and that recovery is limited to the present value of said support which can be computed with mathematical certainty.

This Court has great respect for counsel's view who proposes this contention, but we cannot agree with that part of his premise to the effect that recovery in such cases as this is limited in all events to present value of anticipated support which can be measured to a mathematical certainty. At the time of his death, the deceased was twenty-four years old, his mother was sixty-three and his brother was thirty-two. Both the latter were dependent for sup-

port on the deceased who was a young man of good ability, industrious, settled habits, dependable, appreciated his duty and obligation to contribute to the support of his dependent mother and brother and was actually contributing eight dollars per week to their support at the time of his death. He was earning eighteen dollars per week at that time.

The weight of authority supports the rule that more than ordinary discretion may be allowed the jury in assessing damages in actions for wrongful death. They are not limited to a consideration of the age and probable life expectancy of the dependents, neither are they limited to a consideration of the age, earning power, and probable life expectancy of the deceased. They may consider the probable increased needs of the dependents and the probabilities of the deceased contributing to such increased needs. They may also consider the degree or spirit in which the deceased responded to his obligation to contribute to the support of his dependents, the amount contributed in the past with probable future contributions, together with a likelihood of promotion, the relationship of those dependent on him, and increased income of the deceased. They may also consider the health, habits, morals, social adaptability, and possible other facts and circumstances and then award damages that will reasonably compensate for the injury resulting from the wrongful death.

Now as a lead or basis for the admeasurement of damages when guided by these considerations, courts in this country have generally approved a sum that would purchase an annuity equal to the value of the pecuniary aid which the dependents would have derived from the deceased, in other words, the present worth of such an amount as would accrue to the beneficiary based on his or her life expectancy, Duval vs. Hunt 34 Fla. 85, 15 So. 876; Florida East Coast Ry. Co. vs. Lassiter 58 Fla. 234, 50 So. 428 text

432; Jacksonville Electric Co. vs. Bowden 54 Fla. 461, 45 So. 755, 15 L. R. A. (U. S.) 451; Pensacola Electric Co. vs. Bissett 59 Fla. 360, 52 So'. 367; Florida Cent. & P. R. Co. vs. Foxworth 41 Fla. 1, 25 So. 338, 79 Am. St. Rep. 149; Seaboard Air Line Ry. Co. vs. Watson 94 Fla. 571, 113 So. 716, text 717; Illinois Central Ry. Co. vs. Spence 93 Tenn. 173, text 189, 23 S. W. 211, 42 A. S. R. 907.

The jury must rest its verdict on consideration of real substance. It cannot be predicated on conjecture, fancy, caprice, or speculation, neither may it conform to mathematical precision or be controlled exclusively by calculations on the basis of life expectancies.

Plaintiff in Error contends that a judgment of $4,000 put at eight per cent. interest would have been reasonable and would have conformed to the general rule as here announced. The answer to this contention is that this leaves out of account other elements the jury may have considered in making up their verdict and the further fact that the life expectancy of one of the dependents was more than twelve years while that of the other was more than thirty-three years. We are directed to no instance in which safe securities bring as high as eight per cent. for so' long a period as the life expectancy of either of the dependents.

From the record we are not convinced that the verdict and judgment should be disturbed so it is hereby affirmed.

Affirmed.

WHITFIELD, P. J. AND DAVIS, J., concur.

BUFORD, C.J. AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.