### ERLE L. WIRT v. ROSA FOUNTAIN FRASER

30 So. (2nd) 174
April 25, 1947
Rehearing denied May 17, 1947

January Term, 1947
Special Division B

*Whitaker Brothers* and *M. H. Edwards,* for appellant.
*W. Wallace Shafer* of *Bentley & Shafer,* for appellee.

ADAMS, J.:

Under Section 768.01, Fla. Stat., 1941, F.S.A., appellee sued appellant on two counts. The substance of the first count was that appellant, by discharging a pistol, killed appellee's husband by his careless and negligent act. The second count charged the same injury was inflicted by a wrongful act.

The case came on for trial upon pleas of not guilty, contributory negligence and self defense. Evidence disclosed that appellee's husband was the manager of an airport where appellant had a plane in storage. Appellant sold the plane and a question arose relative to a lien on it. Appellant came to the airport to see about the bill, entered the small office and summoned deceased and others to hear his statement that whoever said he had sold the plane with knowledge of the lien was a liar. Deceased asked if, by that statement, he was calling him a liar. Appellant, in a state of nervous excitement, replied that if the shoe fit him he would have to wear it. Deceased demanded that appellant take off his glasses. Appellant refused to do so and deceased took them off and struck him with his fist. Appellant, without retreating demanded that deceased not strike him. After some exchange of blows appellant was knocked, or pushed, into a corner of the office. Appellant pulled a small, 25 caliber, automatic pistol from his pocket and discharged its full load of seven shots; several struck deceased in vital parts causing almost instant death. At the time the weapon was produced deceased was some four to six feet from appellant, but

although his fists were clenched, deceased was not advancing upon appellant when the weapon was produced and at the instant the firing began. Appellant, with a profane threat, announced that he would kill deceased and continued to fire the pistol.

Deceased was somewhat larger than appellant and about 12 years younger; he was about 52 years old whereas appellant was about 64 years of age. Deceased was shown to be a family man and a good provider with an earning capacity from $100 to $150 per week and a life expectancy of about 18 years. Appellee is about 10 years younger than her husband. The jury awarded a verdict of $25,000.00 and judgment was entered thereon.

The questions raised on this appeal relate to the action of the court in (1) withdrawing the issue of negligence and contributory negligence; (2) Instructing the jury on the law relative to mutual combat; (3) Propriety of the law of self defense and burden of proof; (4) Whether the trial court abused its discretion in refusing a motion to declare a mistrial when appellee gave way to her emotions on the witness stand; (5) Was it error to deny appellant the right to introduce a verdict and judgment of acquittal of murder relative to the same homicide? (6) Was the verdict excessive?

There was no error committed by withdrawing the plea of contributory negligence and refusing to charge the law on same. When the evidence was in, the first count (which rested on a charge of negligence) was not substantiated in any degree. Therefore it was properly withdrawn and the plea was no longer available. The evidence only warranted the court in submitting the case to the jury on the count charging wrongful act. This the court was authorized to do. Sears, Roebuck & Co. v. Geiger, 123 Fla. 446, 167 So. 658. Contributory negligence may only be plead as a defense to a case which rests on negligence. Under the pleas of not guilty and self defense, appellant could introduce all relevant evidence.

There was no error committed in charging the law relative to mutual combat. In the case before us, it was a question of fact which the jury had sufficient evidence to pass on.

As a whole we find no prejudicial error in the charge relative to the burden of proof and self defense. We find the charge covered all the law of the case and we will not put the court in error because special charges (also covering correct statements of the law) were refused and where the law of the case was otherwise adequately covered.

The motion for a mistrial was properly overruled. This motion was addressed to the discretion of the court. The record shows that appellee, while on the witness stand, began to shed tears, ceased talking and placed her handkerchief over her eyes. The court, at that time and in the final charge, admonished the jury not to be influenced by the incident.

There was no error in refusing the verdict and judgment of acquittal in the criminal case where appellant was acquitted on a charge of murder growing out of this same homicide. See 30 Am. Jur., page 1003, Sec. 291.

The verdict was not excessive when the facts are considered in the light of our former opinions. See Duval v. Hunt, 34 Fla. 85, 15 So. 876; F. C. & P. Ry. Co. v. Foxworth, 41 Fla. 1, 25 So. 338; The F. C. and P. R. R. Co. v. Foxworth, 45 Fla. 278, 34 So. 270; Cudahy Packing Co. v. Ellis, 105 Fla. 186, 140 So. 918.

From the entire record we find no reason to relieve appellant from responding in damages to the widow of the man he has slain. It is a substantial sum to exact; however, this record could well be the subject of study and reflection for all who are possessed with short tempers and finger tip nerves which prompt them to vindicate every apparent encroachment upon their vanity. Seldom has a picture been presented where, by the exercise of a little tolerance, a great tragedy could have spared so many. Failure to curb the primitive emotions is costly indeed. All connected with this case have paid, or must pay, in one form or another. According to the established law, this appellant has been adjudged the wrongdoer and for that he now must pay further in monetary damages.

The judgment is affirmed.

THOMAS, C. J., BUFORD, J., and SANDLER, Associate Justice, concur.