REED, Judge.
This is an appeal from an order of the Circuit Court for Palm Beach County, Florida, granting a motion for a new trial in a personal injury action. The jury returned a verdict for the plaintiff, Harmon, for $4,500.00 against the defendant Webster. Following the verdict the plaintiff moved for a new trial on the ground that the verdict was inadequate. The motion was granted on the ground that the jury misconceived the law or the evidence or that it did not consider all of the elements of damage involved. The defendants have brought this appeal.
The defendants contend that the trial court erred in granting the motion for a new trial because the jury reasonably could have found the verdict which it did. They point out that there was evidence of the following items of special damages: (a) $1,559.42 for medical expenses; (b) $2,-850.00 for lost wages from July 15, 1968 to November 25, 1968; (c) $759.43 for lost overtime from July 15, 1968 to November 25, 1968; (d) $513.90 for lost overtime after November 25, 1968; (e) $292.50 for loss of health and welfare benefits, all of which total $5,975.25. The appellants argue, however, that the jury was entitled to have disbelieved the plaintiff’s claim for overtime and was also entitled to have believed that some of the medical expenses and loss of wages were unrelated to the accident and thereby rationally reached its verdict. While we agree that the jury could logically have arrived at the verdict which it rendered, we cannot accept the appellants’ conclusion that the trial court must, therefore, be reversed.
A motion for a new trial may be granted where it is shown that the jury misconceived the law or the evidence or did not consider all elements of damage. Radiant Oil Co. v. Herring, 1941, 146 Fla. 154, 200 So. 376. The trial court’s order granting the plaintiff’s motion for a new trial found this to be the case. Our function in reviewing the order is simply to de *71 termine whether or not the trial court’s finding has some reasonable support in the record. Laskey v. Smith, Supreme Court of Florida, 239 So.2d 13, opinion filed July 8, 1970, and Hendricks v. Dailey, Fla.1968, 208 So.2d 101, 103. If the record does contain such support, the order granting the motion for new trial ought to be allowed to stand.
In Cloud v. Fallis, Fla.1959, 110 So.2d 669, 673, the Florida Supreme Court stated:
“When a motion for new trial is made it is directed to the sound, broad discretion of the trial judge * * * who because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached * * * ” (Emphasis added.)
Along the sames lines, the Court in Hendricks v. Dailey, supra, said:
“ * * * One attacking such an order has a heavy burden to make error to appear in the exercise of the broad discretion allowed the judge who has presided at the trial, and who has had direct, personal contact with the presentation of the case as it unfolded at the trial level. * * * »
The approach which we take to the review of an order granting a motion for new trial is in our opinion, not only consistent with, but commanded by the principles in the two opinions just above cited.
The record in this case reveals evidence of the special damages listed above and of the plaintiff’s pain and suffering after the accident. Such evidence, if believed, would have warranted a verdict substantially in excess of the verdict rendered. We do not hold that the jury was bound, as a matter of law, to have believed this evidence or given it the probative value contended for by the plaintiff. We do hold, however, that the presence of this evidence in the record does provide a reasonable basis for the exercise of the trial judge’s discretion and support for his finding that the jury misconceived the law or the evidence or did not consider all of the elements of damage. The order appealed should, therefore, be affirmed.
We have not overlooked the appellants’ second point, but conclude that it raises matters beyond the scope of review in this proceeding.
Affirmed.
McCAIN and OWEN, JJ„ concur.