343 So.2d 886 (1977)
CITY OF HOLLYWOOD, Appellant,
v.
Joseph E. JARKESY et al., Appellees.
No. 75-2054.
District Court of Appeal of Florida, Fourth District.
February 18, 1977.
*887 James A. Thomas, Deputy City Atty., Hollywood, for appellant.
Brian P. Patchen of Kelly, Black, Black & Kenny, Miami, for appellees.
CROSS, Judge.
Appellant, City of Hollywood, appeals an order entered in favor of appellees, Joseph E. Jarkesy and Lonny F. Jarkesy, his wife, granting a new trial in an eminent domain proceeding. We reverse.
Appellant, City of Hollywood, filed in the Circuit Court for Broward County a petition to take by eminent domain proceedings 2.64 acres of unimproved real property owned by appellees, Joseph and Lonny Jarkesy. At trial the city's expert witness testified that the value of the property taken was $158,500. An expert witness on behalf of the appellees testified that the value of the property taken was $164,500 and severance damages in the amount of $35,520. No testimony was presented on behalf of the city as to severance damages. The jury returned a verdict awarding appellees $158,500 for the 2.64 acres taken, and $5,950 severance damages. Appellant then filed a motion for judgment in accordance with a prior motion for directed verdict, and motions for remittitur and new trial, alleging that the jury's award of $158,500 for the 2.64 acres taken was excessive. Appellees also moved for a new trial as to severance damages. The trial court entered an order denying all motions except appellees' motion for new trial as to severance damages. The order incorporated appellees' contention that the jury ignored uncontroverted evidence, could not have concluded from evidence the value of the severance damages they found, and the jury disregarded the court's instruction to find a verdict not less than the lowest value testified to by any witness nor higher than the highest value testified to by any witness, instead returning a verdict lower than any amount testified to by any witness. This appeal then followed.
The question for our determination is whether the trial court erred in granting a new trial.
A new trial may be granted to all or any of the parties and on all or a part of the issues. All orders granting a new trial shall specify the specific grounds therefor. Florida R.Civ.P. 1.530(f). Ordinarily a trial judge is given a very broad discretion in granting a new trial. Cloud v. Fallis, 110 So.2d 669 (Fla. 1959). Where it is apparent *888 from the grounds stated in granting a new trial that the trial judge is acting under an erroneous legal assumption, then it is not a question of discretion but a question of the legal sufficiency of the ground or reason given. National Western Life Insurance Co. v. Walters, 216 So.2d 485 (Fla. 3d DCA 1968).
There are a number of grounds on which a trial court may grant a new trial. However, a new trial should only be granted after an examination of the entire case and it being made to appear that there has been a misdirection of the jury, improper admission or rejection of evidence or error as to any matter of pleading or procedure, provided that the trial court concludes that the error complained of has resulted in a miscarriage of justice. See § 59.041, Florida Statutes. The principles of law relative to motions for new trial on the ground of inadequate verdict are well known. The basic test to be applied in determining the adequacy of a verdict is whether a jury of reasonable men could have returned that verdict. Griffis v. Hill, 230 So.2d 143 at 145 (Fla. 1969). Specifically, in order to validly set aside a verdict for grossly inadequate damages, it must be shown that the verdict was induced by prejudice or passion, some misconception of the law or the evidence, or it must be shown that the jury did not consider all the elements of damage involved, missed a consideration of the issues submitted or failed to discharge their duty as given them by the court's charge. Radiant Oil Company v. Herring, 146 Fla. 154, 200 So. 376 (1941); accord, Roberts v. Bushore, 182 So.2d 401 (Fla. 1966).
The role of an appellate court in reviewing an order granting a motion for new trial was set forth by this court in Webster v. Harmon, 240 So.2d 69 (Fla. 4th DCA 1970). There it was stated:
"... Our function in reviewing the order is simply to determine whether or not the trial court's finding has some reasonable support in the record. [Citations omitted] If the record does contain such support, the order granting the motion for new trial ought to be allowed to stand."
Article X, Section 6(a), Florida Constitution (1975) provides:
"No private property shall be taken except for a public purpose and with full compensation therefor paid to each owner ..."
Full compensation includes the value of the property sought to be appropriated and when less than the entire property is sought to be appropriated, any damage to the remainder caused by the taking. Section 73.071(3), Florida Statutes (1975).
In Behm v. Division of Administration, State Department of Transportation, 292 So.2d 437 (Fla. 4th DCA 1974), we stated with regard to special damages in condemnation suits, that although expert witness testimony is persuasive, the trier of fact may apply his knowledge and experience to other evidence in the trial when weighing the evidence. Also, in Seaboard Surety Co. v. First National Bank of Montgomery, 263 F.2d 868, at 871 (5th Cir.1959) it was stated therein:
"The plaintiff did not produce any counter expert. The jurors were not, however, bound to accept the opinion of defendant's expert witnesses, but had a right to use their own common sense and experience and to draw all reasonable inferences from the physical facts and occurrences."
In the case sub judice, the order set forth three grounds for granting a new trial. If the record supports any one of these grounds, the trial court's order granting a new trial must be affirmed. Initially the trial court based its decision to allow a new trial on the finding that the jury ignored the uncontroverted evidence and testimony offered by the defendants' witnesses that the defendants' remaining land suffered severance damages in the amount of $35,520.
In granting a new trial based upon this reasoning, the trial court acted under an erroneous legal assumption. The jury is not required to accept evidence presented only by witnesses with regard to severance *889 damages. Seaboard Surety Co. v. First National Bank of Montgomery, supra.
The trial court, to further support the order granting a new trial, set forth that the jury having found the defendants' remaining land suffered severance damages, could not have concluded from the evidence and testimony presented that these damages were $5,920 as stated in the jury's verdict. The jurors are the triers of fact with regard to severance damages, and taking into consideration the expert testimony as well as a view of the property by the jurors, we conclude that a jury of reasonable men could have returned the verdict. Griffis v. Hill, supra.
The remaining ground set forth is that the jury disregarded the court's instructions that the verdict shall not be less than the lowest value testified to by any witness, nor shall it be higher than the highest value testified to by any witness. Instead, the jury returned a verdict of severance damages which was lower than the amount testified to by any witness. Again, it is herein apparent that the trial court was acting under an erroneous legal assumption. Therefore, this ground, as well as the other two, is insufficient to sustain the trial court's decision to grant a new trial.
Accordingly, the order granting a new trial is reversed and the cause remanded with directions to reinstate the verdict and for further proceedings consistent with the views herein expressed.
Reversed and remanded with directions.
ALDERMAN, J., concurs.
DOWNEY, J., specially concurs, with opinion.
DOWNEY, Judge, concurring specially:
During the progress of this appeal appellees moved to dismiss the appeal on the grounds that an interlocutory appeal under Fla.App. Rule 4.2 was improper. We denied the motion to dismiss and directed the matter proceed as a Petition for Writ of Certiorari. In so ruling we were in error. An order granting a motion for new trial is appealable, Clement v. Aztec Sales Inc., 297 So.2d 1 (Fla. 1974), and we have reviewed the order in question as an appeal.
Appellant's first point for reversal has to do with the alleged error of the trial court in the manner it allowed the jury to consider the value of the street beds abutting the condemnee's property to be considered by the jury. We fully considered that point and find no reversible error.
I agree with the conclusion of the majority opinion that the order granting respondent a new trial on severance damages must be reversed. The trial court's reasons for granting a new trial on that issue of damages relied upon respectable authority from other appellate courts of this State. In particular, the trial court relied upon City of Jacksonville v. Yerkes, 282 So.2d 645 (Fla. 1st DCA 1973), for the proposition that the jury could not return a verdict lower than the value set by the owner's expert witness for severance damages when the condemnor adduced no evidence as to the value of such loss. But, as the majority opinion points out, this court held in Behm v. Division of Admin., State, Dept. of Transp., 292 So.2d 437 (Fla. 4th DCA 1974), that the jury in an eminent domain case (as in any other case) is not bound by the testimony of an expert witness. And even though the opposing side offers no expert witness to give a contrary opinion as to value of the property rights involved in the condemnation litigation, the opinion evidence of the one expert witness who does testify is but a guide for the jury in arriving at their determination of value as shown by the evidence, assisted by their view of the property and their own general knowledge and experience.
This apparent conflict has now been resolved and the Supreme Court of Florida has spoken in Behm v. Division of Admin., State Dept. of Transp., 336 So.2d 579 (Fla. 1976). In approving this Court's Behm decision, the Supreme Court laid to rest the *890 notion that the jury is bound by the testimony of an expert in condemnation cases.[1]
I think it is also important to recognize that the Supreme Court's Behm decision also demonstrated the compatibility between the instruction that the verdict could not be for less than the lowest estimate of value nor higher than the highest estimate of value (Florida Eminent Domain Practice and Procedure, § 8.13, Instr. No. 11 (2nd Ed. 1970) and the rule that the jury is not bound by the limits of value stated by the experts. In interpreting that instruction, the Court stated:
"The law of this state requires a condemning authority to establish what it believes to be just compensation for the land taken. The condemning authority thus admits damages in this amount, and requires the jury to find that amount as the minimum award. The property owner on the other hand may rebut that evidence and, moreover, may come forward with evidence of additional elements of damages as provided by statute. The maximum total amount of compensation presented in evidence for each element of damage by the property owner establishes the maximum amount of compensation. By the proper application of the rule adversaries admit the value of the property interest taken is neither less nor more than their respective claims." 336 So.2d at 581.
In the case at bar the sole testimony of the value of the severance damages is the amount testified to by the owner's expert. The jury returned a verdict awarding the owner a lesser amount. Clearly, under the rule now established by the Supreme Court in Behm v. Division of Administration, State Department of Transportation, supra, it was within the province of the jury to find the lesser value and thus the trial court erred in granting a new trial on any of the stated grounds.
I therefore concur in the decision to reverse the order appealed from.
NOTES
[1] That a jury is not so bound is the general rule in many jurisdictions. See 4 Nichols on Eminent Domain § 846.