405 So.2d 763 (1981)
Roberto CARVAJAL, Appellant,
v.
Beatrice ADAMS, Appellee.
No. 80-1320.
District Court of Appeal of Florida, Third District.
November 3, 1981.
Halpern & Shenberg and Barry L. Halpern, Miami, for appellant.
Silver, Levy & Hershoff and Jay M. Levy, Miami, for appellee.
Before BARKDULL, NESBITT and DANIEL S. PEARSON, JJ.
*764 DANIEL S. PEARSON, Judge.
We affirm the final judgment rendered upon a jury verdict in favor of Adams upon a holding that (1) the trial court did not err in denying Carvajal's motion for continuance in order to secure by deposition the testimony of a doctor concerning two matters, one of which was not in dispute, and the other of which was inconsequential, In re Gregory, 313 So.2d 735 (Fla. 1975); Buckley Towers Condominium, Inc. v. Buchwald, 340 So.2d 1206 (Fla. 3d DCA 1976); (2) even assuming, arguendo, the doubtful proposition that a police officer, an expert in small arms, but not a ballistics expert, was not qualified to testify that a bullet of a certain size was capable of penetrating the rubber stripping around a van window without touching glass or metal on the van, the admission of such testimony was harmless in light of Carvajal's several admissions and other evidence that he shot into the van, Hughes v. Canal Insurance Company, 308 So.2d 552 (Fla. 3d DCA 1975); (3) Carvajal was not entitled to have the jury instructed that he was acquitted of criminal charges arising out of the incident upon which this civil case was based, State v. DuBose, 152 Fla. 304, 11 So.2d 477 (1943); see Eggers v. Phillips Hardware Company, 88 So.2d 507 (Fla. 1956); Moseley v. Ewing, 79 So.2d 776 (Fla. 1955); Stephens v. Duke, 42 So.2d 361 (Fla. 1949); Wirt v. Fraser, 158 Fla. 777, 30 So.2d 174 (1947); Republic National Life Insurance Company v. Valdes, 348 So.2d 566 (Fla. 3d DCA 1977), and the fact that the jury heard testimony about a criminal investigation and arrest of Carvajal does not change this result, since Carvajal himself was responsible for adducing this testimony, see Behar v. Southeast Banks Trust Company, N.Y., N.A., 374 So.2d 572 (Fla. 3d DCA 1979); Stanley v. State, 357 So.2d 1031 (Fla. 3d DCA 1978).
Affirmed.