PER CURIAM.
Following our opinion in Baro v. Southeast First National Bank of Miami Springs, 363 So.2d 397 (Fla.3d DCA 1978), the matter recurred in the trial court, resulting in a jury verdict[1] for the defendants and a final judgment was rendered thereon. This appeal ensued.
The points for reversal are: (1) That the trial court erred in refusing to permit the plaintiff to testify that she was found not guilty in a Federal court proceedings on the alleged crime which formed the basis for her discharge from employment. (2) That the trial court erred in refusing to permit the plaintiff to amend and submit to the jury a claim of slander. (3) That the trial court erred in refusing to submit the question of punitive damages to the jury. (4) That the trial court erred in its instructions to the jury as to malice. We affirm.
Evidence of acquittal of a criminal conviction is not appropriate in a civil proceeding, generally. Eggers v. Phillips Hardware Co., 88 So.2d 507 (Fla.1956); Wirt v. Fraser, 158 Fla. 777, 30 So.2d 174 (1947); State v. Dubose, 152 Fla. 304, 11 So.2d 477 (1943); 23 Fla.Jur.2d, Evidence and Witnesses, § 321. This is particularly true in the instant case, wherein the defendants did everything in their power to keep this evidence of criminal prosecution from the jury. The matter was brought to the attention of the jury by counsel for the plaintiff, and we find no error in the trial court’s refusing to permit additional evidence in this regard because the plaintiff never should have brought it to the civil trial in the first instance. A different result might have obtained if the defendants had initially brought the matter to the attention of the jury. See and compare: Shoup v. Mannino, 188 Pa.Super. 457, 149 A.2d 678 (1959).
The issue of slander was never pled formally and we find no abuse of discretion in the trial court refusing to permit an amendment to conform to the evidence. Martinez v. Clark Equipment Company, 382 So.2d 878 (Fla. 3d DCA 1980); Ruden v. Medalie, 294 So.2d 403 (Fla. 3d DCA 1974); Dunn v. Campbell, 166 So.2d 217 (Fla. 2d DCA 1964).
We find no error in refusing to submit the question of punitive damages to the jury, as there was no sufficient basis in the record to warrant it. Tuel v. The Hertz Corporation, 296 So.2d 597 (Fla. 3d DCA 1974); St. Peterburg Sheraton Corporation v. Stuart, 242 So.2d 185 (Fla. 2d DCA 1970); Winn & Lovett Grocery Company v. Archer, *534 126 Fla. 308, 171 So. 214 (1936). Further, the effect of the jury verdict on liability rendered this point moot. Tennant v. Vazquez, 389 So.2d 1183 (Fla. 2d DCA 1980); LeJuene Road Hospital, Incorporated v. Watson, 171 So.2d 202 (Fla. 3d DCA 1965); McLain v. Pensacola Coach Corporation, 152 Fla. 876, 13 So.2d 221 (1943); 17 Fla.Jur.2d, Damages, § 114.
Finally, the plaintiff tendered no written instructions in accordance with Rule 1.470(b), Rules of Civil Procedure. The trial judge gave the standard jury instruction as to what constitutes “malice” in a libel action. Therefore, we find no error in tliis regard. Jackson v. Harsco Corporation, 364 So.2d 808 (Fla. 3d DCA 1978); Ellis v. Golconda Corporation, 352 So.2d 1221 (Fla. 1st DCA 1977).
Therefore, for the reasons above stated, the final judgment on the jury verdict be and the same is hereby affirmed.[2]
Affirmed.

. The defendants proposed a verdict form which would have contained aspecial interrogatories. Plaintiffs counsel objected and requested the general verdict form, which was used.

. See and compare: Judge Hubbart’s concurring opinion in Owner’s Adjustment Bureau, Inc. v. Ott, 402 So.2d 466, at 470, (Fla. 3d DCA 1981).