BARFIELD, Judge.
Defendant, Darrell Courtney, appeals the final judgment and sentence of the circuit court adjudicating him guilty of first degree murder. Defendant is an inmate at Union Correctional Institute. He was charged with first degree murder in connection with the death of another inmate. The evidence against Courtney was circumstantial with the exception of the testimony of a fellow inmate, Ronald Richards, who claimed to be an eyewitness.
The defendant in this appeal challenges the admission into evidence of a letter written by him following the murder and the exclusion of the testimony of three witnesses offered to impeach the testimony of Richards. As to the testimony of one of the impeachment witnesses, Eugene Adams, we find error and reverse.
The following question and answer appear in the cross-examination of Richards concerning a conversation with Adams:
Q. And on September 15th or the 16th, did you converse with him about this incident and tell him that you didn’t see it happen?
A. Well, in fact, I told him that I did see it. I told him about it. He was my working partner at that time.
The defendant sought to impeach the testimony of Richards and the following testimony of Adams appears in the record:
Q. Now, on September 15th or September 16th, did you have occasion to talk with Ronald Richards about that event?
A. Yes—
Mr. Tobin: Objection.
The Witness: —the next day.
The Court: Just a minute.
Mr. Tobin: Again, the predicate has not properly been laid with the foundation witness.
The Court: That is the problem.
*302 Mr. Tobin: That is exactly where the problem is and I object.
The Court: Objection sustained.
Defense counsel asked to proffer the objected-to testimony of the three impeachment witnesses, Brown, Adams, and Boyd. The trial judge allowed counsel to make the proffer to the court reporter, but the judge excused himself. The proffer of Adams’ testimony was that Richards told him on the 15th that he saw nothing.
We conclude that the trial court committed reversible error in excluding the testimony of Adams. In his cross-examination of Richards, the defense counsel specified the time, place, persons present and the words said in the prior inconsistent statement. An adequate predicate was laid and the trial court should have overruled the objection. Rowe v. State, 128 Fla. 394, 174 So. 820 (1937). We reject the State’s harmless error argument since Richards provided the only eyewitness testimony against the defendant. The remainder of the prosecution evidence was circumstantial and the defense produced two exculpatory witnesses. Thus, Richards’ credibility was crucial. Fogel v. Mirmelli, 413 So.2d 1204, 1207 (Fla. 3d DCA 1982).
We observe that the question asked of the impeachment witness, Boyd, was imprecise as to the date and technically objectionable. In the instance of the impeachment witness Brown, since Richards admitted he told Brown to tell anyone who asked that he saw nothing, a statement to that effect by Brown at trial (as was proffered) would not be impeachment and would therefore not be admissible.
We find no error in the trial judge refusing to hear the proffered impeachment evidence, since he permitted a record to be made for appellate review. We do observe, however, that had he listened to the proffered impeachment evidence he might have ruled correctly on the Eugene Adams testimony.
We find no error in the admission of the letter written by the defendant.
The judgment and sentence of the trial court are REVERSED and the case is REMANDED for a new trial.
ERVIN and JOANOS, JJ., concur.