481 So.2d 999 (1986)
Julie A. KELLEY, Paula Kelley, and Susan Kelley, et al., Appellants/Cross Appellees,
v.
Thomas MUTNICH and Checkmate International Detective Agency, Inc., a Florida Corporation, Appellees/Cross Appellants.
No. 84-1648.
District Court of Appeal of Florida, Fourth District.
January 29, 1986.
*1000 Julie A. Kelley, Paula Kelley and Susan Kelley, pro se appellants/cross appellees.
Anderson, Moss, Russo, Gievers & Cohen, P.A. and Patrice A. Talisman of Daniels & Hicks, P.A., Miami, for appellees/cross appellants.
HERSEY, Chief Judge.
Appellants were plaintiffs below and obtained a jury verdict awarding compensatory and punitive damages. From an order granting motions for mistrial and ordering a new trial as to all issues they have taken this appeal. We reverse the order and direct that the jury verdict be reinstated. The cross appeal is thus rendered moot.
An understanding of the factual background against which this litigation developed is not essential to consideration of the single point on appeal, which involves the propriety of the order granting a new trial.
The court's basis for granting the motion was twofold. First, plaintiff/appellants' counsel stated during closing argument that he liked the jury when he picked them and he liked them now. Second, he referred, during the trial and before the jury, to the fact that appellee, Mutnich, had been arrested in connection with the incident out of which the lawsuit arose.
As this court stated in City of Hollywood v. Jarkesy, 343 So.2d 886, 888 (Fla. 4th DCA 1977), where several grounds are given as the basis for granting a new trial, "[i]f the record supports any one of these grounds, the trial court's order granting a new trial must be affirmed." We further stated in that case:
There are a number of grounds on which a trial court may grant a new trial. However, a new trial should only be granted after an examination of the entire case and it being made to appear that there has been a misdirection of the jury, improper admission or rejection of evidence or error as to any matter of pleading or procedure, provided that the trial court concludes that the error complained of has resulted in a miscarriage of justice.
Id. at 888.
The comment that counsel "picked" the jury and "liked" the jury was both inaccurate and inappropriate. Such attempts to curry favor with members of the jury are unprofessional and should be met by rebuke. Nonetheless the effect of the precise words used here are not of such magnitude in their appeal to passion, prejudice, sympathy or other emotion "that neither rebuke nor retraction will destroy their prejudicial, sinister influence... ." which is the test most commonly employed in evaluating the necessity for a new trial. Russell, Inc. v. Trento, 445 So.2d 390, 392 (Fla. 3d DCA 1984). Thus, it is not every inappropriate remark that justifies a mistrial or a new trial, even though the trial court has rather broad discretion in this area. This court described the boundaries of the sound exercise of that discretion in Ford v. Robinson, 403 So.2d 1379, 1383 *1001 (Fla. 4th DCA 1981), in the following language:
Subsequent Florida decisional law has purported to fill in the contours of the "broad discretion rule" delineated in Cloud v. Fallis [110 So.2d 669 (Fla. 1959)]. "Because of his direct and superior vantage point," a trial judge must be afforded considerable "discretionary power to grant or deny a motion for new trial," Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145, 146 (Fla. 1980). But this discretion is not unbridled: "The province of the jury ought not to be invaded by a judge because he raises a judicial eyebrow at its verdict," and a trial judge does not sit on every jury as a "seventh juror" with a veto power. Wackenhut Corporation v. Canty, 359 So.2d 430, 437 (Fla. 1978). A new trial should only be granted "if the error complained of has resulted in a miscarriage of justice." City of Hollywood v. Jarkesy, 343 So.2d 886, 888 (Fla. 4th DCA 1977). "The basic test to be applied in determining the adequacy of a verdict is whether a jury of reasonable men could have returned the verdict. Specifically, in order to validly set aside a verdict ... it must be shown that the verdict was induced by prejudice or passion, some misconception of ... the evidence, or it must be shown that the jury did not consider all of the elements ... involved, missed a consideration of the issues submitted or failed to discharge their duty as given them by the court's charge." Id.

It seems clear that the unfortunate remark at issue here does not rise to the level of having the potential to cause a miscarriage of justice and thus is not sufficiently egregious to warrant a mistrial and new trial.
The second ground relied upon by the trial court was a reference to Mutnich's arrest. Under ordinary circumstances evidence of prior convictions, acquittals or arrest is irrelevant in a civil action and thus inadmissible. Eggers v. Phillips Hardware Company, 88 So.2d 507 (Fla. 1956). In the present case, however, Mutnich himself had already inserted this subject into the proceedings by testifying that he had been found not guilty of the criminal trespassing charges against him and that the case had been dismissed.
In Baro v. Southeast First National Bank of Miami Springs, 406 So.2d 532, 533 (Fla. 3d DCA 1981), the court held that evidence of acquittal of defendants in a criminal prosecution was inadmissible, but pointed out that "[a] different result might have obtained if the defendants had initially brought the matter to the attention of the jury." Semble: Carvajal v. Adams, 405 So.2d 763 (Fla. 3d DCA 1981), rev. denied, 412 So.2d 464 (Fla. 1982); City of Miami Beach v. Klein, 414 So.2d 620 (Fla. 3d DCA 1982). And see, to the effect that this result is based upon the invited error rule, Stanley v. State, 357 So.2d 1031 (Fla. 3d DCA), cert. denied, 364 So.2d 891 (Fla. 1978). See also, to the same effect, Behar v. Southeast Banks Trust Company, N.A., 374 So.2d 572 (Fla. 3d DCA 1979), cert. denied, 379 So.2d 202 (Fla. 1980); Pope v. State, 441 So.2d 1073 (Fla. 1983). We therefore hold that the reference to Mutnich's arrest was not a sufficient basis for granting a new trial.
Finding that neither of the stated grounds warrants the granting of the motion for new trial, we reverse with instructions to reinstate the jury verdict.
REVERSED and REMANDED with INSTRUCTIONS.
DOWNEY and WALDEN, JJ., concur.