STONE, Judge,
concurring specially.
With respect to the first issue, although the initial motion for mistrial, standing alone, might be insufficient to sustain a new trial, (considering in particular the admittance of similar evidence), the second motion alone would support a retrial. The trial judge was convinced that both motions, taken together, sufficiently demonstrated that the defendants were deprived of a fair trial.
Regarding the first motion, the questioning by the plaintiff’s attorney introduced the prejudicial and irrelevant subject of the defendants’ success in other projects. The witnesses’ previous testimony regarding losses in this project was unrelated to the subject of the developer’s wealth.
With respect to the second motion, the question itself had the effect of implanting in the minds of the jurors a highly prejudicial allegation pf untrue fact. Counsel does not contend that there is any evidence that such a communication ever took place. Credibility was undisputedly the main issue here. The amounts of money involved were not substantially in dispute, but the liability question turned on the credibility of the witnesses.
*455 It was for the trial judge to evaluate whether the improper question influenced the jury’s verdict. It may well have. If the jury believed that the defendant had, in fact, talked to his lawyer about changing his testimony, and had told his lawyer, “we better change that because that is extremely damaging to our case,” it would certainly be likely to cause a miscarriage of justice. Therefore Kelley v. Mutnich, 481 So.2d 999 (Fla. 4th DCA 1986), is distinguishable. The judgment of the trial court clearly falls well within the discretionary standards recognized in Cloud v. Fallis, 110 So.2d 669 (Fla.1959), and Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla.1980).
As for the second issue, the defendants contend that they are not liable because, among other grounds, they received no financial benefit. However, an alleged breach of a fiduciary duty would not depend on whether the fiduciary makes a profit or loss. In Avila South Condominium Ass’n v. Kappa Corp., 347 So.2d 599 (Fla.1977), the supreme court held that the mere fact that the fiduciaries were doing business between themselves was not actionable. However, here it is alleged that the acts complained of were for the fiduciaries’ personal gain at the expense of the plaintiff, who would not receive the benefit of their payments. Such a claim is recognized in Avila. As to all issues I therefore concur.