LETTS, Judge.
This case stems from terrible injuries to a sixteen-month-old boy, for which the hospital concedes liability but argues the trial court erred in not permitting it to introduce evidence on the cost of an annuity to fund future medical expenses. We affirm.
Evidence of the cost of an annuity to compute present value has been admitted in several Florida cases involving loss of future earning capacity, loss of support which dependents would have derived from the decedent, and in wrongful death actions. See Cudahy Packing Co. v. Ellis, 105 Fla. 186, 140 So. 918 (1932); Florida Railway & Navigation Co. v. Webster, 25 Fla. 394, 5 So. 714 (1889); Bould v. Touchette, 349 So.2d 1181 (1977). However, there is no Florida case which has authorized the jury to utilize an annuity approach in determining future medical damages, though some out-of-state decisions *579 have so held.[1]
For example, a federal district court in Maryland authorized the use of the cost of annuity in a future medical expense situation. Ramrattan v. Burger King Co., 656 F.Supp. 522 (D.Md.1987). However, Ram-rattan involved a Maryland statute which specifically directed juries to itemize the monetary award for “future medical expenses” when considering the use of annuities. There is no comparable statute in Florida and we do not find that the trial judge abused his discretion in ruling as he did.
We do not address the question of what our decision would have been had the trial judge admitted the annuity evidence. That issue is not before us now.
We find no other reversible error.
AFFIRMED.
FARMER, J., concurs.
ANSTEAD, J., dissents with opinion.

. See Florida Standard Jury Instruction (Civil) 6.10, which includes "future medical expenses” when considering reduction of damages to present value.