PER CURIAM.
David Vann and Lois Vann [the Vanns] appeal from a final order denying their motions for mistrial and a directed verdict. We affirm. Elliot, McKiever & Stowe [EM & S] cross-appeals from an order granting two motions in limine. We dismiss the cross-appeal as moot.
The Vanns, the owners of a family-owned clothing importing company, sued EM & S, their insurance company, for losses arising out of a burglary which occurred at their warehouse. The Vanns claimed $139,950 in losses. After the Vanns filed their claim, EM & S informed them that there was a $10,000 limitation on burglary coverage. The policy included an endorsement containing this limitation, but the limitation did not appear on the declarations page of the policy.
*602 Prior to trial, the Vanns filed a motion in limine to exclude the introduction of a report prepared by a customs agent who had inspected the Vann’s bonded warehouse three months prior to the burglary. The report stated that ninety percent of the Vann’s inventory was empty boxes out of which the merchandise had already been taken and sold. The Vanns admitted to customs that they attempted to mislead the agents in an effort to delay payment of the tariffs they owed. The Vanns also requested the exclusion of the $10,000 payment to the Vanns by American Motorists Insurance Company. The court granted both motions in limine. During trial, the Vanns objected to what they regarded as constant attempts by EM & S to elicit testimony regarding the report and insurance payment.
The trial court denied the Vanns’ motion for a mistrial and their request for directed verdict on the issue of liability. The Vanns appealed. .
We find that the trial court properly denied the motion for a directed verdict where the limitation in coverage correctly appeared on the endorsements to the policy. EM & S introduced substantial competent evidence that the Vanns were aware of the burglary coverage limitation. An EM & S agent testified that he had informed the Vanns of the $10,000 limitation several times and told them that it could be increased if they purchased a burglar alarm.
We next address the motion for mistrial. The Vanns wanted to exclude any reference to the information discovered by the customs agent. However, Robert Vann opened the door by testifying as to the financial status of the company and by presenting documents showing the receipt of inventory over the previous year. See Ryder Truck Rental, Inc. v. Johnson, 466 So.2d 1240 (Fla. 1st DCA 1985). EM & S then had the right to cross-examine on those issues and to introduce evidence to directly contradict those factual assertions. However, Robert Vann never answered the question. Therefore, no evidence was ever presented to the jury on that subject. Rather, the Vanns’ objection was sustained and the trial court further gave a curative instruction.
In summary, none of the comments made by defense counsel were so prejudicial or inflammatory as to require mistrial, or a new trial. See Sanchez v. Bengochea, 573 So.2d 992 (Fla. 3d DCA 1991); Dixie-Bell Oil Co., Inc. v. Gold, 275 So.2d 19, 21 (Fla. 3d DCA 1973). None of the errors complained of resulted in a miscarriage of justice. See Kelley v. Mutnich, 481 So.2d 999, 1001 (Fla. 4th DCA 1986); § 59.041, Fla.Stat. (1991). Accordingly, we affirm the trial court’s decision to deny the motions for a mistrial and for a directed verdict. Since the jury verdict is hereby affirmed, the cross-appeal is dismissed as moot.
Appeal affirmed and cross-appeal dismissed.
HUBBART and GODERICH, JJ., concur.