785 So.2d 1242 (2001)
STEWART AGENCY, INC., a Florida corporation d/b/a Stewart Toyota of North Palm Beach, Inc., Appellant/Cross-Appellee,
v.
Jean Marie LESUEUR and Bernadette Lesueur, Appellees/Cross-Appellants.
No. 4D99-2023.
District Court of Appeal of Florida, Fourth District.
May 30, 2001.
*1243 Marshall J. Osofsky of Moyle, Flanigan, Katz, Kolins, Raymond & Sheehan, P.A., West Palm Beach, for appellant/cross-appellee.
J. Kent Brown of J. Kent Brown, P.A., and Raymond G. Ingalsbe of Raymond G. Ingalsbe, P.A., Palm Beach Gardens, for appellees/cross-appellants.
WARNER, C.J.
This appeal is from a final judgment for damages pursuant to a jury verdict finding that appellant committed fraud and engaged in unfair or deceptive trade practices. Appellant claims that it was severely prejudiced when the trial court refused to permit it to call a key defense witness whose video deposition had been played to the jury in appellee's case.[1] Because the witness was offered to impeach appellee's testimony concerning the only statements that supported the fraud claim, we conclude that the court erred in preventing appellant from calling the witness in its case.
Dean Rosenbach, a corporate attorney for appellant, and a friend of Earl Stewart, appellant's owner, purchased a 1994 Ford Mustang. While driving the vehicle, Rosenbach was involved in an accident. He had the vehicle towed to Stewart Pontiac, another car dealership owned by Earl Stewart, for body repairs. There, the car was repaired, and Rosenbach asked a wholesaler to retail the car on the lot at the dealership. The car did not sell, so Rosenbach asked to have the car taken to Stewart Toyota, the appellant herein. Rosenbach spoke with Terry Chapin, Stewart Toyota's general sales manager, and asked him to sell the car.
Thereafter, appellee visited the Stewart Toyota dealership and looked at the Mustang. She walked around the vehicle, noticing *1244 several imperfections, and questioned the salesman about the car. She testified that the salesman stated, "I guarantee this car has never been in an accident." This guarantee was repeated several times, according to appellee. However, after purchasing the car, she had several problems and ultimately took the vehicle to a mechanic at a Ford dealership who told her that the vehicle had been in an accident. After confronting Chapin about the car's history and being accused of causing the damage herself, she filed suit for fraud and unfair and deceptive trade practices.
At trial, appellee played Rosenbach's video deposition for the jury because Rosenbach's health made it difficult for him to testify in person. Rosenbach denied ever telling Chapin that the car had been damaged in an accident. However, when appellee testified, she mentioned on cross-examination that Chapin had given her Rosenbach's telephone number, that she had called Rosenbach, and that Rosenbach told her that he had told Stewart Toyota that the car had been in an accident. This phone call was the only direct testimony of actual knowledge that the vehicle had been in an accident on the part of Stewart Toyota.
When appellant began presenting its case, after several witnesses had testified, appellant's attorney asked the court to permit the taking of Rosenbach's deposition during lunch to ask him three questions which could then be put before the jury. The gist of the testimony, which the attorney proffered to the court, was that Rosenbach denied ever having spoken with appellee. The trial court denied the request to interrupt the trial to take even a short deposition,[2] at which point appellant's counsel stated that he would call Rosenbach in person, despite his health condition. The court refused even this, concluding that the testimony would be collateral impeachment. Therefore, appellant was denied the ability to call Rosenbach in its case, even though he was listed as a trial witness. Ultimately, the jury returned a verdict in favor of appellee, finding damages for fraud and for unfair trade practices.
"The right to present evidence and call witnesses is perhaps the most important due process right of a party litigant." LoBue v. Travelers Ins. Co., 388 So.2d 1349, 1351 (Fla. 4th DCA 1980). "Excluding the testimony of a witness is a drastic remedy which should be invoked only under the most compelling circumstances." Id.; Delgardo v. Allstate Ins. Co., 731 So.2d 11, 14 (Fla. 4th DCA 1999). "Unless it can be shown that the testimony of a proposed witness will unnecessarily duplicate the subject matter of another witness's testimony, the judge should ordinarily allow the party to call the witness." Id. at 14. Further, a limitation on the number of witnesses should be imposed only after trial counsel has had fair warning of the limitation. See Fogel v. Mirmelli, 413 So.2d 1204, 1207-08 (Fla. 3d DCA 1982).
In the instant case, the only testimony offered by appellee that appellant knew the vehicle had been in an accident was appellee's testimony that she called Rosenbach who told her that he had informed appellant of the accident. Thus, appellee's credibility was key to her fraud claim. Because appellee's credibility was critical to her claim, any attack on it could have swayed the jury. Cf. id. at 1207. If appellee did not talk to Rosenbach, then the jury could have found that there was no evidence that appellant was ever told that the car was in an accident.
*1245 The evidentiary issue in this case is similar to Courtney v. State, 476 So.2d 301 (Fla. 1st DCA 1985). In that case, the trial court excluded the testimony of witness Adams, offered to impeach the testimony of the only eyewitness to a prison murder. Richards, the eyewitness, testified at trial that he had told Adams that he had seen the entire incident. However, when the defense called Adams, the trial court refused to permit him to testify. Adams would have testified that Richards told him that he had seen nothing at all on the date of the murder. The court found that it was error to deny him the opportunity to present the evidence, which amounted to a prior inconsistent statement of witness Richards, because Richards's credibility was crucial to the entire case. The court reversed the conviction.
In this case, the trial court deemed this issue to be a collateral matter. We disagree. Appellee's proof of the material fact of appellant's knowledge of the damaged condition of the car was her conversation with Rosenbach. Rosenbach was prepared to testify that the conversation never took place. We see no difference in denying that the conversation took place than in saying that he never told her that he had informed appellant of the car's accident. The court deprived appellant of crucial testimony to defend against appellee's case by excluding Rosenbach as a defense witness.
For the foregoing reason, we reverse for a new trial. The granting of a new trial renders moot the other preserved issues raised by appellant.
TAYLOR, J., and LENDERMAN, JOHN C., Associate Judge, concur.
NOTES
[1] While this case involves two appellees, the term "appellee" is used since the relevant facts relate to appellee Bernadette Lesueur.
[2] Although the trial court called it a "discovery deposition," it was not for the purpose of discovery but to record testimony to present to the jury in view of Rosenbach's ill health.