SILBERMAN, Judge.
Martin Dones, M.D., and Morton Plant/ Mease Primary Care, Inc., challenge the trial court’s order granting a new trial to Roberta Moss, personal representative of the estate of Steven Michael Moss. The trial court granted a new trial based on two evidentiary rulings that it had made during trial. Because the record does not demonstrate that the rulings substantially prejudiced Ms. Moss, resulting in a miscarriage of justice, we reverse and remand for reinstatement of the jury’s verdict of no liability.
Steven Moss had. a family history of coronary artery disease and a personal history of high cholesterol. He had last seen his internist, Dr. Dones, on October 14, 1999, after having chest discomfort and numbness in his left arm during the preceding weekend. Dr. Dones referred Mr. Moss to Dr. Bayron, a cardiologist, and ordered a thallium' stress test. Dr. Dones later changed the test to a regular stress test. Although Dr. Bayron reported to Dr. Dones that the stress test was negative, testimony at trial indicated that the test was not negative and that, in fact, the test had been stopped because Mr. Moss complained of chest pain during the test.
After receiving Dr. Bayron’s report, Dr. Dones scheduled Mr. Moss for a three month follow-up appointment, but Mr. Moss did not appear for the appointment. On February 28, 2000, Mr. Moss, age forty-two, collapsed and died while playing golf. The cause of death was congenital heart disease.
Ms. Moss filed a medical malpractice lawsuit against Dr. Dones and his practice, Dr. Bayron and his practice, and Dr. Lo-groño, who was employed by Dr. Bayron. Prior to trial, Ms. Moss settled with Dr. Bayron and his practice, but Dr. Bayron was named as a Fabre[1] defendant on the verdict form. At trial, the court entered a directed verdict in favor of Dr. Logroño, and the jury found in favor of Dr. Dones.
Ms. Moss then filed a motion for new trial. Among other things, she claimed that she had been unfairly prejudiced because prior to trial the trial court had not placed any limitation on the number of expert witnesses that she could call, but at trial the court limited her to two standard of care experts in internal or family practice medicine. The defense contended that the trial court properly limited the number of experts under Elder v. Farulla, 768 So.2d 1152 (Fla. 2d DCA 2000), because certain experts would have presented redundant testimony. Ms. Moss also argued that at trial she wanted to read to the jury the deposition testimony of Dr. Parillo and to inform the jury that originally Dr. Dones had retained Dr. Parillo as an expert. Ms. Moss asserted that the trial court erred by not allowing her to so inform the jury. Dr. Dones responded that the trial court ruled correctly based on Milburn v. State, 742 So.2d 362 (Fla. 2d DCA 1999).
After a hearing, the trial court granted Ms. Moss’s motion for new trial. The court ruled that it had erred in limiting Ms. Moss to two standard of care experts in internal or family practice medicine and in prohibiting Ms. Moss from eliciting testimony via the deposition of Dr. Parillo that Dr. Dones had originally retained Dr. *232 Parillo. In this appeal, Dr. Dones and Morton Plant argue that the trial court abused its discretion in granting a new trial. We agree.
When a party seeks a new trial based on the “improper admission or rejection of evidence,” the trial court should grant a new trial only when it “concludes that the error complained of has resulted in a miscarriage of justice.” City of Hollywood v. Jarkesy, 343 So.2d 886, 888 (Fla. 4th DCA 1977); see § 59.041, Fla. Stat. (2002). In Midtown Enterprises, Inc. v. Local Contractors, Inc., 785 So.2d 578, 580 (Fla. 3d DCA 2001) (quoting § 90.104(1), Fla. Stat. (1999)), the court stated, “A trial court’s error in the acceptance or rejection of evidence does not necessarily constitute harmful error. Only ‘when a substantial right of the party is adversely affected’ may a court grant a new trial.”
This court cited Jarkesy in National Healthcorp Ltd. Partnership v. Close, 787 So.2d 22, 26 (Fla. 2d DCA 2001). In National Healthcorp the trial court granted a new trial after concluding that the plaintiff had been substantially prejudiced by pretrial discovery orders. In reversing, we reiterated that the party seeking a new trial must show that it was prejudiced by the complained of orders. The orders “must have substantially prejudiced the movant and the error complained of must have resulted in a miscarriage of justice.” Id. We held that the trial court abused its discretion by granting a new trial because the plaintiff had not shown prejudice and entry of the orders was harmless. Id.
Here, Ms. Moss has not shown that the two evidentiary rulings, even if erroneous, caused substantial prejudice and resulted in a miscarriage of justice. Concerning the limitation on standard of care expert witnesses under Elder, the trial court allowed Ms. Moss two standard of care experts in internal or family practice medicine and allowed Dr. Logroño and Dr. Dones one expert each. In addition, Ms. Moss and Dr. Dones each presented one standard of care expert in cardiology. Although Ms. Moss asserted a general claim of prejudice, she did not establish, the trial court did not find, and our record does not reflect that she suffered substantial prejudice as a result of the ruling.
Ms. Moss also has not demonstrated substantial prejudice relating to Dr. Parillo. In its order granting a new trial the court stated that while it had agreed that Ms. Moss could use Dr. Parillo’s deposition at trial, it had improperly prohibited her “from eliciting testimony via the deposition” that Dr. Dones had originally retained Dr. Parillo. Again, the trial court made no finding and the record does not reflect that Ms. Moss suffered substantial prejudice as a result of the ruling. Moreover, as Dr. Dones correctly points out in his appellate brief, Dr. Parillo’s deposition testimony does not indicate that he had originally been retained by Dr. Dones as an expert in this case.
Accordingly, we reverse the trial court’s order granting a new trial and remand for reinstatement of the jury’s verdict of no liability.
Reversed and remanded.
SALCINES and STRINGER, JJ., Concur.

. Fabre v. Marin, 623 So.2d 1182 (Fla.1993).