BATEMAN, THOMAS H., Ill, ■ Associate Judge.
Appellants, Dr. Agustín C. Sanz and Pronational Insurance Company, appeal a jury verdict and final judgment in favor of the appellees, the Carters. Appellants, the defendants in the trial court, raise four issues in this appeal. Finding merit as to one issue, we reverse and remand for a new trial. We do not address the remaining issues.
Prior to trial, the judge entered an order limiting the parties to calling no more than two experts in any one field. During the trial, which lasted fifteen days, the Carters were allowed to present their two expert witnesses to the jury. During the presentation of the defendants’ case, Sanz testified in his own defense and called Dr. Genecin as his first expert witness. Both Sanz and Genecin specialized in internal medicine. On the thirteenth day of trial, Sanz attempted to call his second expert witness, Dr. Inwood, to the stand. Dr. Inwood was also a doctor of internal medicine. The Carters’ counsel objected, arguing to the trial judge[1] that because the defendant had already testified to the standard of care, he should not be permitted to call a second expert witness who was also an internal specialist. Counsel reasoned that because Sanz had already testified, the second expert witness’s testimony would be cumulative. He also asserted that because Sanz had testified, the witness being called was in reality a third expert. Counsel asserted that because he was permitted to present only two experts, the defendant should not be permitted to call what would be, in effect, a third expert witness. The trial judge sustained the objection and refused to let Sanz’s second expert witness testify. This was error.
While a trial judge has the power to vacate or modify a predecessor judge’s interlocutory ruling, a successor judge should hesitate to undo the work of the other judge, if possible. See Hull & Co., Inc. v. Thomas, 834 So.2d 904 (Fla. 4th DCA 2003). Moreover, a limitation on the number of witnesses a party may call during trial should be imposed only after trial counsel has had fair warning. Stewart Agency v. Lesueur, 785 So.2d 1242 (Fla. 4th DCA 2001). The successor judge’s decision in this case to exclude Sanz’s expert witness on the thirteenth day of trial without prior notice or warning was an abuse of discretion. The error was not harmless. Limiting the number of expert witnesses Sanz could call, so late in the case as to preclude any change in strategy, materially prejudiced his ability to put forth his best defense and resulted in a miscarriage of justice. Therefore, Sanz is entitled to a new trial. City of Hollywood v. Jarkesy, 343 So.2d 886 (Fla. 4th DCA 1977) (court should grant a new trial when it concludes that the error complained of has resulted in a miscarriage of justice). Cf. Dones v. Moss, 884 So.2d 230 (Fla. 2d DCA 2004); Midtown Enters., Inc. v. Local Contractors, Inc., 785 So.2d 578 (Fla. 3d DCA 2001).
STEVENSON, C.J., and STONE, J., concur.

. The trial judge was not the same judge who, prior to trial, ruled the parties would be permitted to call two expert witnesses at trial.