# Third District Court of Appeal

## State of Florida

Opinion filed July 21, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-468
Lower Tribunal No. 15-6978
_____

**Murline Gelin,**
Appellant,

vs.

**CFH Group, LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Alexander Bokor, Judge.

Murline Gelin, in proper person.

Mitrani, Rynor, Adamsky & Toland, P.A., and Pamela A. Chamberlin, Steven R. Adamsky and Eric C. Sage (Weston), for appellee.

Before EMAS, LOGUE and GORDO, JJ.

EMAS, J.

In this appeal, Murline Gelin (plaintiff below) seeks review of a final judgment following a trial on Gelin's negligence claim arising out of injuries sustained in 2012 when she slipped and fell in the stairwell of her apartment building.  Following trial, the jury awarded $44,500, comprised of:

•$32,000 for past medical expenses;

•$7,500 for future medical expenses;

•$5,000 for past pain and suffering; and

•$0 for future pain and suffering.

Gelin asserts the trial court erred in denying her motion for additur or, alternatively, for new trial, in connection with the jury's awards for past pain and suffering ($5000) and future pain and suffering ($0).  Gelin asserts these awards were inadequate or the product of other error committed during the trial.[1]  Following our review of the record, we find no merit in Gelin's claims, and no abuse of discretion in the trial court's rulings, and affirm. See Graham

---

[1] To the extent Gelin's claims are premised on the trial court's exclusion or partial exclusion of certain medical records and medical bills,  Gelin failed to proffer the excluded documents or to mark them for identification.  As a result, they are not a part of the record on appeal and Gelin has failed to preserve any claim regarding the trial court's exclusion of this evidence. See, e.g., Baker v. State, 71 So. 3d 802, 816-17 (Fla. 2011); MasTec North Am., Inc. v. Morakis, 288 So. 3d 685, 690 (Fla. 4th DCA 2019); Holmes v. Redland Const. Co., 557 So. 2d 911, 912 (Fla. 3d DCA 1990).   The remaining claims asserted by Gelin are either unpreserved or otherwise without merit.

Cos. v. Amado, 305 So. 3d 572, 577 (Fla. 3d DCA 2020) (noting: "Our standard of review on denial of a motion for new trial is whether the trial court abused its discretion."); Cabrera v. Wal-Mart Stores E., LP, 314 So. 3d 570, 572 (Fla. 3d DCA 2020) (noting: "We review the lower court's denial of a motion for additur or new trial under an abuse of discretion standard."); Sunshine Bottling Co. v. Tropicana Prods., Inc., 757 So. 2d 1231, 1233 (Fla. 3d DCA 2000) (holding: "The basic test for determining the adequacy of a verdict is whether a jury of reasonable people could have returned the verdict") (citing City of Hollywood v. Jarkesy, 343 So. 2d 886, 888 (Fla. 4th DCA 1977)); Vann v. Am. Motorists Ins. Co., 627 So. 2d 601, 602 (Fla. 3d DCA 1993). See also Cabrera, 314 So. 3d at 573 (finding the determination to award no money for future noneconomic damages was supported by the evidence presented at trial, including testimony regarding the plaintiff's inconsistent treatment with a doctor); Ellender v. Bricker, 967 So. 2d 1088, 1093 (Fla. 2d DCA 2007) (holding: "Zero awards for future noneconomic damages are warranted when the defendant has presented evidence disputing such damages or when future noneconomic damages are uncertain or speculative").

Affirmed.