HURLEY, Judge.
The probate court entered an order which it later construed to conflict with the Florida Rules of Probate and Guardianship Procedure. The resulting conflict constitutes a departure from the essential requirements of law and, therefore, we grant the instant petition for writ of certiorari.
Barbara Porter, a beneficiary of the estate of Henry Eisenberg, filed a petition in the probate court for an interim accounting. The court granted her request, indicating that “Barbara R. Porter shall have the statutory time period to make any objections to said accounting, said time period to commence on the date the executed intermediate accounting is filed with the Clerk of this Court.” Later, the court applied this provision to preclude “late objections” even though Mrs. Porter claimed not to have received a notice of the filing nor an executed copy of the interim accounting.[1] In our view, the court’s interpretation of its prior order was doubly wrong. Not only did it enforce an erroneous provision of the original order, but it also vitiated an important notice requirement in rule 5.345(d), Fla.R.P. & G.P.
Rule 5.345(d), Fla.R.P. & G.P.,[2] states: The personal representative shall serve notice of the filing and a copy of the interim accounting on all interested persons. The notice shall state that it is an application for the approval of the accounting and shall notify the person served that any objection to the accounting, or any item thereof, stating the basis for the objection, must be filed in writing within 30 days after service of notice or the interim accounting shall be approved as filed.
By focusing on the date of filing with the Clerk, the probate court effectively eliminated the rule’s notice requirement. The workings of the rule, however, demonstrate that notice to interested persons is essential. The rule specifies that the date of service of notice — not the date of filing — is the starting point for the 30-day objection period. Thus, we hold that the probate court departed from the essential requirements of law when it altered a plain and unambiguous requirement of the Florida Rules of Probate & Guardianship Procedure. Furthermore, the potential for irremediable harm resulting from an improper distribution of assets justifies immediate certiorari relief.[3]
Accordingly, we grant the writ and instruct the probate court to require full compliance with rule 5.345, Fla.R.P. & G.P., thus allowing the petitioner to file objections to the interim accounting within 30 days from the date of service of notice upon her.
WRIT ISSUED.
GLICKSTEIN and WALDEN, JJ., concur.

. Petitioner's former counsel received an unsigned copy of a proposed interim accounting on November, 8, 1983. The interim accounting was filed on February 10, 1984. A dispute exists as to whether petitioner’s former counsel was served with a copy of the signed interim accounting. By affidavit, he swears that he was not served; counsel for the co-personal representatives, not under oath, states that opposing counsel was served. Rather than resolve this critical dispute, the probate court stated, "I'm going by the terms of the order and say that’s what it meant. That they would have to file their objections, any objections, commencing on the date ... of the executed file to the Clerk of the Court.”

. Effective January 1, 1985, this subsection of the rule was redesignated as subsection "b” and amended to read:
Notice of filing and a copy of the interim accounting shall be served on interested persons. The notice shall state that objections to the accounting must be filed within 30 days from the date of service of notice.

.Rule 5.345(g), Fla.R.P. & G.P., which was in effect when this matter was before the probate court, provided that “[i]f no objection is timely filed to an interim accounting, the accounting shall be deemed approved as filed and thereafter not subject to objection by any interested person.” Effective January 1, 1985, this provision was redesignated as subsection "e” and amended to read: “The interim accounting shall be deemed approved 30 days from the date of service of the interim accounting on interested persons, unless an objection is filed as provided in the rules.”