656 So.2d 486 (1995)
Glenice BARFUSS, n/k/a Glenice Faye Jackson, Petitioner,
v.
DIVERSICARE CORPORATION OF AMERICA d/b/a DeSoto Manor Nursing Home and Counsel Nursing Properties, Inc., d/b/a DeSoto Manor Nursing Home, Respondents.
No. 94-02255.
District Court of Appeal of Florida, Second District.
January 20, 1995.
Rehearing Denied April 25, 1995.
*487 Robert E. Sharbaugh, McClean and Schecht, P.A., Tampa, for petitioner.
James A. Murman, Barr, Murman, Tonelli, Herzfeld & Rubin, Tampa, for respondent, Counsel Nursing Properties, Inc., d/b/a DeSoto Manor Nursing Home.
Teresa D. Jones and Melinda A. Delpech, of Syprett, Meshad, Resnick & Lieb, Sarasota, for respondent, Diversicare Corp. of America d/b/a DeSoto Manor Nursing Home.
PER CURIAM.
Glenice Barfuss, n/k/a Glenice Faye Jackson (hereinafter "Barfuss"), seeks review of a circuit court order which (1) compels pretrial disclosure of expert witnesses; and (2) prohibits contact with former employees of respondent, Diversicare Corporation of America, d/b/a DeSoto Manor Nursing Home and Counsel Nursing Properties, Inc., d/b/a DeSoto Manor Nursing Home, (hereinafter collectively referred to as "the Home")[1]. We grant the petition and issue the writ as to the order requiring revelation of expert witnesses and deny the petition in all other respects.
The facts underlying this action demonstrate that Barfuss was a resident of DeSoto Manor Nursing Home from July 10, 1991, to February 9, 1992. She brought suit against the Home alleging violations of Chapter 400, Florida Statutes (1991), and that the Home was negligent in providing for her.
Discovery ensued, including the Home's request for information concerning the expert witness Barfuss intended to call at trial and any report submitted by the expert. Barfuss responded, stating, "Not determined at this time."
The Home moved to compel, successfully arguing that since count two of the complaint sounds in medical negligence, Barfuss must retain and disclose her expert witness. Additionally, the Home filed a motion requesting that Barfuss be ordered to stop ex parte contact with the Home's employees and former employees.
In a single order addressing both motions, the court ordered Barfuss to "identify the expert or experts within 30 days"; prohibited ex parte contact with employees of the Home; and prohibited ex parte contact with former employees who had cared for or treated Barfuss. Further, as had been requested, Barfuss was ordered to provide the Home with statements taken from the employees and former employees, "excluding any mental impressions of counsel." Barfuss now presents that order for our consideration of whether the trial court departed from the essential requirements of law.
In the case of an order regarding discovery, the trial court has broad discretion and only when such an order constitutes an abuse of discretion which would cause irreparable damage will the ruling be set aside. American Southern Co. v. Tinter, Inc., 565 So.2d 891 (Fla. 3d DCA 1990).
Even though Chapter 766 may be applicable to some of the actions complained of by Barfuss[2], the trial court's order is improper. As in Myron v. Doctors General, Ltd., 573 So.2d 34 (Fla. 4th DCA 1990), the *488 court's action has the effect, at the very least, of requiring Barfuss to divulge the identity of specially retained non-witnesses or work product experts. Such a requirement without the requisite showing of hardship by the Home as required in Florida Rule of Civil Procedure 1.280(b)(4)(B) constitutes an abuse of discretion. See also Lift Systems, Inc. v. Costco Wholesale Corp., 636 So.2d 569 (Fla. 3d DCA 1994).
In addressing the second issue concerning ex parte contact, Barfuss concedes that there should be no such contact with present employees of the Home. However, she asserts that the court departed from the essential requirements of law by ordering her to have no further contact with former employees of the Home who cared for or treated her.
There is a split of decision across the nation on the propriety of ex parte contact with former employees.[3] This court has visited the issue and affirmed a circuit court's denial of a motion for protective order which sought a blanket prohibition against contact with all former employees of a nursing home. See Manor Care of Dunedin, Inc. v. Keiser, 611 So.2d 1305, 1308 (Fla. 2d DCA 1992) (the general prohibition against ex parte communications by an attorney with unrepresented employees of a represented corporation ceases to apply once those employees leave the corporation). However, the affirmance was without prejudice to file a more specific motion for protective order since we noted that the federal court had recently addressed the issue of ex parte communications in Rentclub, Inc. v. Transamerica Rental Finance Corp., 811 F. Supp. 651, 658 (M.D.Fla. 1992),[4] and had concluded that
a former employee who is a "party" because of his position and knowledge will remain a party even after he leaves the corporation... . The corporation continues to have a vital interest in the employee's knowledge of privileged information and its potential release to opposing counsel in litigation after the employee leaves.
In the present case, the court granted the motion to prohibit contact with former employees, however, it was not a blanket proscription. The court tailored its order as follows:
As to former employees, the Defendant has represented that all former employees who cared for or treated the Plaintiff have been disclosed to Plaintiff in interrogatory answers. As to those former employees, the Motion to prohibit ex parte contact is granted, pending further orders of this Court.
We hold that this limited restriction does not depart from the essential requirements of *489 law, as the employees who cared for and treated Barfuss are the very persons whose actions or inactions form the basis for the complaint.[5]
Lastly, Barfuss has failed to demonstrate that the trial court departed from the essential requirements of law when it ordered her to produce copies of statements made by former employees, excluding the mental impressions of counsel.
Accordingly, the petition is granted in part and the writ is issued to that extent. That portion of the circuit court order requiring the disclosure of expert witnesses is quashed; in all other respects the petition is denied.
RYDER, A.C.J., and THREADGILL and FULMER, JJ., concur.
NOTES
[1] Diversicare Corporation of America, owned and operated the Home from July 10, 1991 to December 31, 1991. Counsel Nursing Properties, Inc., owned and operated the Home from January 1, 1992 to February 9, 1992, and thereafter.
[2] This court has previously held that nursing homes are not "health care providers" as defined in sections 766.101(1)(b) and 766.105(1)(b), Florida Statutes (1991), for purposes of dealing with medical malpractice; however, a complaint against a nursing home could allege vicarious liability for medical malpractice stemming from the actions of health care providers. See Manor Care of Dunedin, Inc. v. Keiser, 611 So.2d 1305, 1308 n. 5 (Fla. 2d DCA 1992) (citing NME Properties, Inc. v. McCullough, 590 So.2d 439 (Fla. 2d DCA 1991)).

In the present case, the majority of the alleged actions of the Home do not require the service of a physician or health care provider. However, the allegations of failure to treat pressure ulcers properly and to keep Barfuss' catheter bag free from leakage indicate the necessity of the services of a health care professional.
[3] See Robert B. Fitzpatrick and Kathleen H. Kim, Ex Parte Communications With Current and Former Employees, C932 A.L.I.-A.B.A. 311, 316-32 (1994) (survey of current law).

Basically, there are five positions on the acceptability of such contact: (1) ex parte communication with any former employee is not permitted; (2) ex parte communication with all former employees is permitted, so long as no other privilege or rule is violated; (3) ex parte communication with former managerial employees is permitted so long as specified guidelines are followed and the former employee cannot impute liability to the former employer; (4) ex parte communication with former employees is permitted unless the employees' acts or omissions in the matter under inquiry are binding on the corporation or imputed to the corporation for the purposes of liability; (5) ex parte communication with former employees is permitted, but where former employees' acts or omissions could be imputed to the former employer, the former employer should be given the opportunity to consent to the contact. See Vicki Jan Isler, Ex Parte Interviews of Former Employees: An Attorney's Ethical Obligation, 457 P.L.I./Lit 55 (1993); Hanntz v. Shiley, Inc., 766 F. Supp. 258, 263 (D.N.J. 1991); Fitzpatrick and Kim, supra at note 6, 316-17.
[4] Rentclub, Inc., 811 F. Supp. at 657, discusses Model Rules of Professional Conduct 4.2, and the comment which sets forth the persons who are parties in the case of a suit involving an organization for the purpose of prohibiting ex parte contact:

An organizational "party" is defined as including: (1) managerial employees, (2) any other person whose acts or omissions in connection with the matter at issue may be imputed to the corporation for liability, and (3) persons whose statements constitute admissions by the corporation.
(emphasis added.)
The first and third categories have been held to be limited to current employees; however, several courts, including the Rentclub, Inc. court, have concluded that the second category is broad enough to include former employees whose actions or inactions could result in vicarious liability for the employer.
[5] It should be noted that there is no restriction on contact with former employees who were merely witnesses to the care of Barfuss. See Samuel R. Miller and Angelo J. Calfo, Ex Parte Contact With Employees and Former Employees of a Corporate Adversary: Is It Ethical?, 42 Bus. Law 1053, 1068-73 (1987).