673 So.2d 116 (1996)
The ESTATE OF May SCHWARTZ, Deceased, by and through the Personal Representative, Alex Schwartz, Petitioner,
v.
H.B.A. MANAGEMENT, INC., authorized to operate Tamarac Convalescent Center, Respondent.
No. 95-0771.
District Court of Appeal of Florida, Fourth District.
May 8, 1996.
*117 Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, and James L. Wilkes, II, of Wilkes and McHugh, P.A., Tampa, for petitioner.
Gary M. Farmer, Jr., of Bunnell, Woulfe, Keller & Gillespie, P.A., Fort Lauderdale, for respondent.

ON REHEARING
POLEN, Judge.
We deny the respondent's motion for rehearing but substitute the following to clarify our opinion of December 6, 1995.
We grant the petition for writ of certiorari, and quash the order of the trial court which prohibited ex-parte communications with the defendant's former employees and required disclosure of notes and statements taken in conjunction with any ex-parte communications.
The petitioner, the personal representative of the estate of May Schwartz, filed a five-count complaint against Tamarac Convalescent Center, which alleged among other things violations of Chapter 400, Florida Statutes (1992), which sets forth the standards for the care of persons in nursing homes, as well as the maintenance and operations of such institutions. The defendant answered the complaint and subsequently moved to prohibit the plaintiff's attorney from ex-parte communications with the nursing home's current and former employees. The petitioner stipulated that interviewing the nursing home's current employees would be improper. The defendant also sought to obtain all statements and notes that the plaintiff's attorney may have obtained in already conducted ex-parte discussions with these employees.
At the hearing on the defendant's motion, the defendant relied on Barfuss v. Diversicare Corporation of America, 656 So.2d 486 (Fla. 2d DCA 1995), in which the second district approved an order denying the plaintiff contact with those former employees whose actions formed the basis of the negligence action against the corporation. The trial court then found that in the absence of an opinion on the issue from the fourth district, it would be bound to follow Barfuss.
The respondent claims, and we agree, that the trial court was required to follow Barfuss based on Pardo v. State, 596 So.2d 665 (Fla.1992). In Pardo, the third district had granted certiorari review in a criminal case where the trial court excluded certain child victim's hearsay statements on the basis of the fifth district's decision in Kopko v. State, 577 So.2d 956 (Fla.1991). State v. Pardo, 582 So.2d 1225 (Fla. 3d DCA 1991). The third district noted in its opinion that the trial court was not bound by such decision; instead it should treat it as persuasive authority. The court then went on to disagree with Kopko and certified the question to the supreme court.
In its opinion, the supreme court first established that the district court erred in commenting that decisions of other district courts of appeal were not binding on the trial court, citing our own case of State v. Hayes, *118 333 So.2d 51, 53 (Fla. 4th DCA 1976). It then answered the certified question, disapproving of Kopko and approving the substantive portions of the third district's decision. Thus, while the supreme court agreed that the trial court was bound by the only district court precedent in making its determination on the issue, the district court was not similarly bound as the court approved its determination of the issue contrary to Kopko.
The respondent claims that the petition in this case should be denied because the trial court followed the essential requirements of law by relying on Barfuss. However, a "departure from the essential requirements of law" is defined in Combs v. State, 436 So.2d 93 (Fla.1983):
Hence the phrase "departure from the essential requirements of law" should not be narrowly construed so as to apply only to violations which effectively deny appellate review or which pertain to the regularity of procedure. In granting writs of common-law certiorari, the district courts of appeal should not be as concerned with the mere existence of legal error as much as with the seriousness of the error. Since it is impossible to list all possible legal errors serious enough to constitute a departure from the essential requirements of law, the district courts must be allowed a large degree of discretion so that they may judge each case individually. The district courts should exercise this discretion only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.
Because the trial court was obligated to follow Barfuss, it could not determine anew what Florida law required in these circumstances. It procedurally had to comply with Barfuss, not because Barfuss was right but because it was first. As we view it, the departure in the instant case consisted in the application of what we deem to be an incorrect principle of Florida law which we deem to be a serious error in this case, Barfuss notwithstanding. To say that an appellate court is bound by the decision of another appellate court because the trial court is so bound, is not in accordance with our construction of judicial review principles. Moreover, it does not appear to be in accord with the supreme court's meaning in Pardo. If respondent is correct that application by a trial court of the precedent of a decision by another appellate court precludes review of that decision on petition for writ of certiorari, then the supreme court should have quashed the decision of the third district in Pardo and directed that Kopko be applied. It did not, and we therefore deem that we are not bound by Barfuss.
In this instance we find Florida Bar Ethics Opinion 88-14, which conflicts with the Barfuss opinion, controlling. See Krivanek v. Take Back Tampa Political Committee, 625 So.2d 840, 844 (Fla.1993), cert. denied sub nom., Clewis v. Krivanek, ___ U.S. ___, 114 S.Ct. 1538, 128 L.Ed.2d 191 (1994) (advisory ethical opinions are not binding precedent, although they may be considered by Florida courts as persuasive authority if they are well reasoned). In Ethics Opinion 88-14, The Florida Bar Board of Governors of Florida interpreted Rule of Professional Conduct 4-4.2 which provides in pertinent part:

RULE 4-4.2 COMMUNICATION WITH PERSON REPRESENTED BY COUNSEL
In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer. Notwithstanding the foregoing, an attorney may, without such prior consent, communicate with another's client in order to meet the requirements of any statute or contract requiring notice or service of process directly on an adverse party, in which event the communication shall be strictly restricted to that required by statute or contract, and a copy shall be provided to the adverse party's attorney.
The Board decided that rule 4-4.2 did not prevent counsel from contacting "former employees who have not maintained any ties with the corporationwho are no longer part of the corporate entityand who have not sought or consented to be represented in the *119 matter by the corporation's attorneys." The ABA later took the same position in interpreting Model Rule 4.2, concluding that nothing in the rule prevented counsel from speaking to the opposing party's former employee about the subject matter of a lawsuit, even where that employee's negligence could be imputed to the party. ABA Formal Op. 91-359 (Mar. 22, 1991).
In Reynoso v. Greynolds Park Manor, Inc., 659 So.2d 1156 (Fla. 3d DCA 1995), the third district recently adopted the American Bar and Florida Bar Ethics opinions and listed the multitude of other courts which have also concluded that the proscription of rule 4-4.2 does not extend to former employees.[1] Accordingly, we align ourselves with the third district and hold that the trial court departed from the essential requirements of the law by following Barfuss. However, as the third district did, we also certify direct conflict with the decision of the second district in Barfuss.
We further find that the trial court departed from the essential requirements of the law in requiring the petitioner to disclose notes and statements taken in conjunction with ex-parte communications, as it does not appear that the defendant demonstrated the need and undue hardship required by Florida Rule of Civil Procedure 1.280(b)(3), which provides in pertinent part:
[A] party may obtain discovery of ... and tangible things ... prepared in anticipation of litigation or for trial ... only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means.
See In re Estate of Eisenberg, 466 So.2d 1221, 1223 (Fla. 4th DCA 1985) (orders that do not follow the clear requirements of the rules of procedure depart from the essential requirements of the law); North Broward Hospital District v. Button, 592 So.2d 367 (Fla. 4th DCA 1992) (work product materials are discoverable only upon a showing of need and undue hardship in obtaining the substantial equivalent); State Farm Mutual Automobile Ins. Co. v. LaForet, 591 So.2d 1143 (Fla. 4th DCA 1992) (plaintiff with insurance bad-faith claim did not make sufficient showing to justify production of work product documentation in claim file by asserting that there was no other reasonable means of obtaining information supporting the bad-faith claim; showing of need and undue hardship must consist of specific explanations and reasons, not bare assertion).
For the reasons stated, the petition for writ of certiorari is granted and the order prohibiting interviews with former employees and requiring the disclosure of notes and statements taken in conjunction with ex-parte interviews is quashed.
CERTIORARI GRANTED; DIRECT CONFLICT CERTIFIED.
GUNTHER, C.J., and WARNER, J., concur.
NOTES
[1] The trial court did not have the benefit of the Reynoso opinion at the time it issued its order on February 10, 1995.