680 So.2d 1133 (1996)
Vernelle LOWDER, Appellant,
v.
ECONOMIC OPPORTUNITY FAMILY HEALTH CENTER INC., a Florida corporation, d/b/a Economic Opportunity Family Health Center a/k/a Family Health Center, Inc., Appellee.
No. 94-2542.
District Court of Appeal of Florida, Third District.
October 16, 1996.
*1134 Joe N. Unger; Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, Miami; Steven Mitchell and Mitchell & Associates, for appellant.
Diaz & Morel-Saruski, Coral Gables; Hicks Anderson & Blum and Jean Kneale and Gina E. Caruso, Miami, for appellee.
Before SCHWARTZ, C.J., and COPE and GERSTEN, JJ.
COPE, Judge.
The principal question presented by this appeal is whether the plaintiff should have been allowed in closing argument to assert that the jury should draw an adverse inference from the fact that defendant corporation did not call a former employee as a witness. We conclude that the trial court ruling was proper, as was the trial court's refusal to grant a related jury instruction on this issue. We also reject plaintiff's claim that there was an improper closing argument amounting to fundamental error.

I.
This is an appeal by plaintiff Vernelle Lowder from a final judgment in a medical malpractice action. Beginning in 1968, plaintiff used defendant-appellee Family Health Center, Inc. as her health care facility. In 1990 she sought treatment for a thyroid problem. During routine questioning, she advised defendant that she had been given a blood transfusion during surgery in 1980. The Center advised her that since she had received a blood transfusion during that time period, she should be tested for the human immunodeficiency virus (HIV). She complied.
Plaintiff's blood sample was submitted to a laboratory operated by the Florida Department of Health and Rehabilitative Services. The Department laboratory performed the test incompetently, falsely telling the Center that the plaintiff had tested positive for HIV.
Upon receiving the results, the Center informed plaintiff that she had HIV. She commenced treatment and monthly examinations at the Center for one year. Her treating physician was Dr. Marva Ayers, although she also saw other Center employees. After a year, plaintiff decided to seek treatment elsewhere and began consulting Dr. Homer Kirkpatrick, whom she saw for several months. She then returned to the Center for further treatment.
In October 1992, convinced that her condition was terminal, plaintiff gave custody of her children to her mother and moved to Georgia. In Georgia she sought treatment with another health care provider, who retested the plaintiff. The retest showed that plaintiff did not have HIV.
Plaintiff brought a medical malpractice action against multiple defendants. Plaintiff sued the Department of Health and Rehabilitative Services for its negligence in testing her blood.
Plaintiff sued the Center, alleging that the Center was negligent in failing to detect the blood testing error. Plaintiff's blood tests revealed a normal "T-cell" count, which was inconsistent with an HIV infection beginning in 1980. Plaintiff's expert opined that the T-cell count, among other things, should have alerted the Center that something was likely amiss in the test results, and that the Center should have ordered a retest. Plaintiff sued Dr. Kirkpatrick on a similar theory.
The jury found that the Center was not negligent. The jury found that the Department was 65% negligent and Dr. Kirkpatrick *1135 was 35% negligent, and awarded damages of $600,000.
Plaintiff has appealed, contending that the trial court committed reversible error with respect to plaintiff's case against the Center.

II.
Plaintiff contends that the trial court erred by precluding plaintiff's counsel from making a jury argument that the jury should draw an adverse inference against the Center because the Center had failed to call plaintiff's treating physician, Dr. Marva Ayers, as a witness at trial. Plaintiff also claims error in the trial court's refusal to give a missing witness instruction.
At some point, Dr. Ayers resigned from the Center and moved to California. The record is very clear that Dr. Ayers refused to cooperate with anyone on either side of the lawsuit. The Center's malpractice insurance policy provided an attorney to represent Dr. Ayers in the event that she was subpoenaed as a witness. Dr. Ayers refused to cooperate with that attorney as well. Her counsel provided the parties with an address in California at which Dr. Ayers could be subpoenaed for deposition, but neither party chose to do so.
On the eve of trial plaintiff filed a motion in limine seeking advance approval for plaintiff to make a jury argument that the jury should draw an adverse inference against the Center for failing to call Dr. Ayers as a witness. The trial court denied the motion based on considerations of fairness. Prior to trial, plaintiff's correspondence with the Center indicated that the plaintiff was indifferent to whether Dr. Ayers was called as a witness. On the eve of trial, after the pretrial deadlines had expired, plaintiff shifted ground to argue that an adverse inference should be drawn because the Center did not call Dr. Ayers. The trial court concluded that under the circumstances, the Center had been misled, and refused to allow plaintiff to make the missing witness argument. We find no abuse of discretion in the trial court ruling.
More important, plaintiff could not properly argue for an adverse inference in this case, because Dr. Ayers was equally available as a witness to both parties. The Florida Supreme Court has summarized the law on this point as follows:
[A]ppellant contends that the trial court erred by disallowing appellant to comment, during closing argument, on the state's failure to call Audrin Butler as a witness. This claim is controlled by our reasoning in Haliburton v. State, 561 So.2d 248 (Fla. 1990), cert. denied, 501 U.S. 1259, 111 S.Ct. 2910, 115 L.Ed.2d 1073 (1991), where appellant argued that the trial court erred in refusing to allow the defense, during closing argument, to comment upon the absence of an uncalled witness's testimony. We held that the trial judge did not err in limiting the comment. Our reasoning was as follows:
The purpose of closing argument is to help the jury understand the issues by applying the evidence to the law. Thus, the purpose of closing argument is disserved when comment upon irrelevant matters is permitted. In State v. Michaels, 454 So.2d 560, 562 (Fla.1984), we said that
[w]hen such witnesses are equally available to both parties, no inference should be drawn or comments made on the failure of either party to call the witness.
We agree with the district court in Martinez v. State, 478 So.2d 871, 871 (Fla. 3d DCA 1985), review denied, 488 So.2d 830 (Fla.1986), that
an inference adverse to a party based on the party's failure to call a witness is permissible when it is shown that the witness is peculiarly within the party's power to produce and the testimony of the witness would elucidate the transaction.

Id. at 250 (citation omitted) (alteration in original).
Terry v. State, 668 So.2d 954, 963 (Fla.1996) (emphasis in original); Jackson v. State, 575 So.2d 181, 188 (Fla.1991); Clarington v. State, 636 So.2d 860, 862 (Fla. 3d DCA), review denied, 648 So.2d 721 (Fla.1994).
Ordinarily a party's current employee is under that party's control and may well be *1136 "peculiarly within the party's power to produce...." Martinez v. State, 478 So.2d at 871; see 29 Am.Jur.2d Evidence § 251 (1994). Here, however, Dr. Ayers was a former employee. There were no circumstances rendering her peculiarly within the Center's power to produce. She was equally available to both parties. Consequently no inference could be drawn, nor could any comment be made, on the failure of the Center to call the witness. Terry v. State, 668 So.2d at 963.[1]
Plaintiff contends that because Dr. Ayers is a former employee of the Center, she is somehow a "party" to this litigation, even though she has never been joined as a defendant in this action. For the proposition that Dr. Ayers is a "party," plaintiff relies on Barfuss v. Diversicare Corporation of America, 656 So.2d 486, 488 (Fla. 2d DCA 1995). We have expressly declined to follow Barfuss in Reynoso v. Greynolds Park Manor, Inc., 659 So.2d 1156, 1158 (Fla. 3d DCA 1995).
More to the point, Reynoso and Barfuss both deal with the ability of counsel in a case to contact former employees of an opposing party. That is a distinct issue from the one now before us. As a matter of common sense, Dr. Ayers was not joined as a party defendant in this case, and the rules relating to parties who decline to testify, see Geiger v. Mather of Lakeland, Inc., 217 So.2d 897, 898 (Fla. 4th DCA 1968), cert. denied, 225 So.2d 528 (Fla.1969), have no application here.
It has also been held that the missing witness inference does not arise where the testimony of the missing witness would be cumulative.
The weight of authority supports the general rule that the failure of a party to introduce an available witness does not give rise to any inference or presumption that the testimony of the witness, if he had been called, would have been unfavorable to such party, where other qualified witnesses have testified for the party concerning the same matters, and the testimony of the uncalled witnesses would have been merely cumulative or corroborative.

Weeks v. Atlantic Coast Line Railroad Co., 132 So.2d 315, 316 (Fla. 1st DCA 1961) (citation omitted; emphasis added).
Similarly:
The unfavorable inference which may be drawn from the failure of a party to testify is not warranted when there has been a sufficient explanation for such absence or failure to testify. Among other reasons which might be considered as sufficient explanation would be a showing that the party has no personal knowledge or memory of the facts in issue, or a showing that any testimony of such party would be purely cumulative of that already established by other competent evidence.
Geiger v. Mather of Lakeland, Inc., 217 So.2d at 898-99 (footnote omitted).[2]
Although in the present case Dr. Ayers did not testify, the Center called as a witness Dr. Ayers' supervisor, Dr. Fatima Zafar. Dr. Zafar was responsible for review of patient charts for quality of care, and supervised Dr. Ayers and the other clinic staff who treated the plaintiff. Under these circumstances Dr. Ayers' testimony would have been cumulative to that of Dr. Zafar. For this additional reason, the trial court ruling was correct.
Plaintiff also argues that the trial court erred by denying her request for a jury instruction which would advise the jury that it could draw an adverse inference from the Center's failure to produce Dr. Ayers. For the reasons already stated, the denial of the jury instruction was correct. In addition, Florida Standard Jury Instruction 2.3 recommends that no charge be given regarding the failure of a party to produce a witness. "While it may be permissible in some circumstances to instruct the jury regarding inferences arising from a party's failure to produce *1137 a witness, the committee [on standard jury instructions in civil cases] conceives that such inferences are more properly referred to in counsel's argument." Id. (citations omitted).

III.
Plaintiff also complains that in closing argument the Center's counsel used such phrases as "I think," "I believe," and "I disagree." Plaintiff did not object to the Center's closing argument, but now contends that the use of these phrases constituted fundamental error, requiring reversal even though no objection was made.
When the remarks of the Center's counsel are read in their context, it is clear these phrases were used as figures of speech, and did not constitute prohibited vouching or expressions of personal opinion. See Forman v. Wallshein, 671 So.2d 872, 874-75 (Fla. 3d DCA 1996).

IV.
The judgment is affirmed.
NOTES
[1] For a suggestion that the missing witness inference should be abandoned entirely, see Herbert v. Wal-Mart Stores, Inc., 911 F.2d 1044, 1048 (5th Cir.1990); see also Jones v. Otis Elevator Co., 861 F.2d 655, 659 n. 4 (11th Cir.1988).
[2] Geiger involves the failure of a party to appear or testify, rather than a nonparty witness. 217 So.2d at 898. However, the reasons which would rebut the unfavorable inference from the failure of a party to testify are also reasons which would rebut the unfavorable inference arising from the failure of a nonparty witness to testify.