693 So.2d 541 (1997)
H.B.A. MANAGEMENT, INC., Petitioner,
v.
The ESTATE OF May SCHWARTZ, Deceased, by and through the Personal Representative, Alex Schwartz, Respondent.
No. 88239.
Supreme Court of Florida.
May 1, 1997.
Nancy W. Gregoire and Richard T. Woulfe of Bunnell, Woulfe, Kirschbaum, Keller & McIntyre, P.A., Fort Lauderdale, for Petitioner.
James L. Wilkes, II and James B. McHugh of Wilkes and McHugh, P.A., Tampa, and Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, for Respondent.
Philip D. Parrish and Robert M. Klein of Stephens, Lynn, Klein & McNicholas, P.A., *542 Miami, for The Florida Defense Lawyers Association, Amicus Curiae.
Joel D. Eaton of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, for Academy of Florida Trial Lawyers, Amicus Curiae.
Robert A. Butterworth, Attorney General and Douglas J. Glaid, Senior Assistant Attorney General, Fort Lauderdale, for Department of Legal Affairs, Amicus Curiae.
ANSTEAD, Justice.
We have for review the decision of the Fourth District in Estate of Schwartz v. H.B.A. Management, Inc., 673 So.2d 116 (Fla. 4th DCA 1996), based upon certified conflict with the opinion of the Second District in Barfuss v. Diversicare Corp. of America, 656 So.2d 486 (Fla. 2d DCA 1995). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed below, we approve the decision under review, and disapprove Barfuss. In accord with the overwhelming majority of jurisdictions and bar ethics committees, we hold that Florida Rule of Professional Conduct 4-4.2, governing the contact by attorneys with persons represented by counsel, does not prohibit a claimant's attorney from engaging in ex parte[1] communications with former employees of a defendant-employer.

MATERIAL FACTS
Alex Schwartz, as personal representative of the estate of May Schwartz (Schwartz), filed an action for damages against Tamarac Convalescent Center, operated by petitioner H.B.A. Management, Inc. (HBA). HBA moved to prohibit Schwartz's counsel from contacting Tamarac's current and former employees, and also requested access to all statements and notes that Schwartz's counsel may have previously obtained from those employees. On the authority of Barfuss v. Diversicare Corp. of America, 656 So.2d 486 (Fla. 2d DCA 1995), the trial court prohibited ex parte communications by Schwartz's counsel with all current and former employees of the convalescent center and required disclosure of any notes and statements already obtained by counsel from those employees. The Fourth District, specifically disagreeing with the decision in Barfuss as to contacts with former employees, quashed the trial court's order, relying instead on the reasoning of a Florida Bar committee advisory opinion as to the propriety of contacts with former employees of a defendant-employer. Schwartz, 673 So.2d at 118.

LAW & ANALYSIS
At issue is whether Florida Rule of Professional Conduct 4-4.2 prohibits ex parte communications between a claimant's attorney and the former employees of a defendant-employer. The parties agree that, at a minimum, the rule limits attorney contact with certain current employees.
Rule 4-4.2, titled "Communication with Person Represented by Counsel," provides in pertinent part:
In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer.
In addition, the comment to this rule states in pertinent part:
In the case of an organization, this rule prohibits communications by a lawyer for 1 party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.
The ABA Model Rules of Professional Conduct Rule 4.2 (1995) and the comment thereto contain the same provisions. Obviously, as its title pointedly discloses, the Florida rule addresses the ethical parameters for communications by attorneys or their agents with persons represented by legal counsel. *543 The rule itself is unambiguous and should present little difficulty when a lawyer contemplates communication with a "person" who is an individual human being represented by counsel. The problem arises when the "person" is an entity or organization who has numerous employees or agents. Is it proper to contact any of those employees and agents without the permission of the entity's lawyer? And, if so, which ones? The comment to the rule specifically addresses these concerns and identifies those employees and agents who should not be contacted. HBA asks this Court to interpret the rule as ethically proscribing an attorney's ex parte communications not only with persons currently associated with an organization, but also with those who have severed ties with the organization.

DISTRICT COURT DECISIONS
In Barfuss, the Second District approved a trial court's order prohibiting ex parte communications with a nursing home's former employees, 656 So.2d at 489, and reasoned that "this limited restriction does not depart from the essential requirements of law, as the employees who cared for and treated Barfuss are the very persons whose actions or inactions form the basis for the complaint." Id. at 488-89.
On the other hand, in Schwartz, the Fourth District limited the application of the rule to current employees and reasoned:
In this instance we find Florida Bar Ethics Opinion 88-14, which conflicts with the Barfuss opinion, controlling. In Ethics Opinion 88-14, The Florida Bar Board of Governors of Florida interpreted Rule of Professional Conduct 4-4.2. The Board decided that rule 4-4.2 did not prevent counsel from contacting "former employees who have not maintained any ties with the corporationwho are no longer part of the corporate entityand who have not sought or consented to be represented in the matter by the corporation's attorneys." The ABA later took the same position in interpreting Model Rule 4.2, concluding that nothing in the rule prevented counsel from speaking to the opposing party's former employee about the subject matter of a lawsuit, even where that employee's negligence could be imputed to the party. ABA Formal Op. 91-359 (Mar. 22, 1991).
Schwartz, 673 So.2d at 118-19 (citation omitted). The Schwartz opinion followed the holding in Reynoso v. Greynolds Park Manor, Inc., 659 So.2d 1156 (Fla. 3d DCA 1995), wherein the Third District also quashed a protective order, similar in content to those reviewed in Schwartz and Barfuss. The Reynoso opinion reasoned:
We conclude that the proscription of Rule 4-4.2 does not extend to former corporate employees.
The question presented here has been thoroughly, and in our view correctly, analyzed in American Bar Association Formal Ethics Opinion 91-359, dated March 22, 1991, and Florida Bar Ethics Opinion 88-14, issued March 7, 1989. We adopt their reasoning and incorporate them in the Appendix to this opinion. In so holding we align ourselves with the great majority of the courts to have considered this issue, although there is authority to the contrary. We point out the caveats contained at the end of the American Bar Association and Florida Bar opinions, reminding counsel that no inquiry can be made into any matters that are the subject of the attorney-client privilege, and that the requirements of Rule 4-4.3, entitled "Dealing With Unrepresented Persons," must be scrupulously observed.
Reynoso, 659 So.2d at 1157-58 (footnotes omitted).

BAR ETHICS OPINIONS
In concluding that rule 4-4.2 does not prohibit ex parte communications with former employees, Florida Bar Professional Ethics Comm. Op. 88-14 (Mar. 7, 1989), the Florida Bar's Committee on Professional Ethics has determined that:
Nothing in Rule 4-4.2 or the comment states whether the rule applies to communications with former managers and other former employees. To the extent that the comment implies that the rule does apply to these individuals, it is contrary to ethics committees' interpretation of the rule.

*544 Rule 4-4.2 cannot reasonably be construed as requiring a lawyer to obtain permission of a corporate party's attorney in order to communicate with former managers or other former employees of the corporation unless such individuals have in fact consented to or requested representation of the corporation's attorney. A former manager or other employee who has not maintained ties to the corporation (as a litigation consultant, for example) is no longer part of the corporate entity and therefore is not subject to the control or authority of the corporation's attorney. In many cases it may be true that the interests of the former manager or employee are not allied with the interests of the corporation. In such cases the conflict of interests would preclude the corporation's attorney from actually representing the individual and therefore would preclude the corporation's attorney from controlling access to the individual. As the comment indicates with regard to current employees, if a former manager or former employee is represented in the matter by his personal attorney, permission of that attorney must be obtained for ex parte contacts, including contacts by the corporation's attorney.
A former manager or employee is no longer in a position to speak for the corporation. Further, under both the federal and the Florida rules of evidence, statements that might be made by a former manager or other employee during an ex parte interview would not be admissible against the corporation. Both Rule 801(d)(2)(D), Federal Rule of Evidence, and Section 90.803(18)(e), Florida Evidence Code, provide that a statement by an agent or servant of a party is admissible against the party if it concerns a matter within the scope of the agency or employment and is made during the existence of the agency or employment relationship.
Id. at 2.[2] In determining that rule 4-4.2 was not meant to prevent the solicitation of relevant information from former employees, as opposed to the rule's obvious restrictions on contacts with current employees, the ethics committee cited the opinion in Wright v. Group Health Hospital, 103 Wash.2d 192, 691 P.2d 564 (1984), for the proposition:
[b]ecause former employees cannot possibly speak for a defendant corporation, the rule against communicating with adverse parties does not apply. The court found no reason to distinguish between former employees who witnessed an event and those whose act or omission caused the event. The court said the purpose of the communication rule is not to protect a corporate party from revelation of prejudicial facts, but rather to preclude interviewing of employees who have authority to bind the corporation.
Florida Bar Professional Ethics Comm. Op. 88-14 at 3 (citing Wright, 691 P.2d at 569). The American Bar Association Committee on Ethics and Professional Responsibility has also cited Wright for the same proposition in concluding that neither the text nor the comment to Model Rule 4.2 provided a basis for extending its coverage to former employees. ABA Comm. on Ethics and Professional Responsibility Formal Op. 91-359 (1991).

OUR VIEW
We agree with these opinions that neither Model Rule 4.2 nor its Florida counterpart, rule 4-4.2, extend the rules' prohibitions against contact with represented persons to former employees of defendant-employers who can no longer speak for or bind the organization. Importantly, the ethics committee opinion correctly recognizes that former employees can no longer speak for or bind a corporation and, as a consequence of their free agency, any statements obtained from former employees during ex parte communications would ordinarily be inadmissible against the corporation. Florida Bar Professional Ethics Comm. Op. 88-14 at 2.[3] Of *545 course, it was the concern about the effect and use of the statements of agents and employees that gave rise to the need for the ethical restriction on contacts with current employees of a defendant-employer whose statements and admissions could be used as admissions or direct evidence to bind or speak for an employer. That is the concern that the comment to the rule specifically attempts to address: identifying those categories of current agents and employees who should not be contacted without the consent of the organization's counsel.
Further, the whole tenor of the comment to rule 4-4.2 set out above indicates that the rule is concerned solely with current employees. The comment states that communications are prohibited with "persons having a managerial responsibility on behalf of the organization and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization." See Rule Regulating Fla. Bar 4-4.2 (comment). Since the imputation of responsibility for the acts of others or admissions from agents or servants can only be "made during the existence of the relationship," section 90.803(18)(e), Florida Statutes (1995), the comment's disjunctive connection with the preceding clause logically means that clause also pertains to current employees. In other words, it means an attorney cannot ethically communicate with an employee whose actions may impute negligence or criminal liability to the corporation or whose statements may constitute admissions at that time, i.e., at the time the current employee is acting or speaking. These categories clearly identify certain persons whose statements or actions, by virtue of their present status as employees or agents, may directly affect their employer's legal position.
Both in its brief and at oral argument, HBA relies on the fact that in recently amending Model Rule 4.2, the ABA committee expanded the rule's coverage to include any "person, whether or not a party to a formal adjudicative proceeding ... who is represented by counsel concerning the matter to which the communication relates." Model Rule of Professional Conduct Rule 4.2 cmt. 3 (1995). Of course, the comment to Florida Rule of Professional Conduct 4-4.2 already contained that provision long before the ABA committee acted in 1995 to adopt the same language. The more expansive coverage simply means an attorney may not directly contact any person he or she knows is represented by counsel concerning the dispute, not merely those who are named parties to the litigation. It is therefore clear, with the amendment, that current employees are covered by the rule even though they may not be formal parties in a court case. Most importantly, as noted by the ABA committee in its interpretation of the amended rule, Model Rule 4.2 "does not prohibit contacts with former officers and employees of a represented corporation, even if they were in one of the categories with which communication was prohibited while they were employed." ABA Comm. on Ethics and Professional Responsibility Formal Op. 95-396 at 7 n. 47 (1995) (emphasis supplied). The focus of the rule and comment remains on those individuals still with the organization and presumably represented by the organization's counsel, while neither contemplating nor prohibiting ex parte communications with former employees.[4] We also note that ABA Formal Opinion 95-396, on which HBA also places considerable reliance, recognizes this distinction. Indeed, the following passage appears on the first page of the opinion:
When a corporation or other organization is known to be represented with respect to a particular matter, the bar applies only to communications with those employees who have managerial responsibility, those whose act or omission may be imputed to the organization, and those whose statements *546 may constitute admissions by the organization with respect to the matter in question.
ABA Comm. on Ethics and Professional Responsibility Formal Op. 95-396 at 1 (1995) (emphasis added). Clearly, the opinion refers to current employees in the positions specified.[5]
Barfuss approved a prohibition on contact with former employees on the basis that "the employees who cared for and treated Barfuss are the very persons whose actions or inactions form the basis for the complaint." 656 So.2d at 489. The opinion fails to note, however, that it is the past "actions or inactions" of former employees that have been put in issue. However, those former employees can no longer speak or act for the employer. The precise reason the policy discouraging ex parte communications does not apply in this context is that the corporation is no longer the "employer" of the "former employee." Hence, a former employee's actions or inactions can no longer bind or result in vicarious liability for the former employer for the very reason that the employer-employee relationship has been dissolved.

CONCLUSION
A former employee is simply no longer in the position of the "person" contemplated by rule 4-4.2's restrictions. That former employees may have engaged in "actions or inactions" while they were employed that may give rise to liability of the employer is simply a matter of historical fact. In this regard we agree with the Florida Bar Ethics Committee and the Wright court that there is no valid reason to distinguish "between former employees who witnessed an event and those whose act or omission caused the event." Florida Bar Professional Ethics Comm. Op. 88-14 at 3 (citing Wright, 691 P.2d at 569). An employee's departure terminates the agency or respondeat superior connection that had previously permitted that employee to create liability for her employer or to bind or make admissions for that employer. Hence, the underlying concerns and purpose of rule 4-4.2 is simply no longer served by restricting contacts with former employees.
In summary, we hold that Florida Rule of Professional Conduct 4-4.2 was intended to specifically regulate an attorney's contact with a person represented by counsel and the rule neither contemplates nor prohibits an attorney's ex parte communications with former employees of a defendant-employer.[6] Accordingly, we approve the decision below, as well as that in Reynoso, and disapprove Barfuss to the extent it is inconsistent herewith.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and WELLS, JJ., concur.
NOTES
[1] "Ex parte" means in behalf of or on the application of one party or by or for one party. Barron's Law Dictionary 174 (3d ed.1991). Thus, an ex parte communication would be without notice to or challenge by an adverse party. Id.
[2] The committee also noted that among bar ethics committees nationwide, the "clear consensus is that former managers and other former employees are not within the scope of the rule against ex parte contacts." Id.
[3] As the Florida Bar's Ethics Opinion also explains, the interests of the former employee and the corporation may even be in conflict in many cases. Fla. Bar Eth. Op. 88-14 at 2. In fact, many employers may implead former employees or pursue actions in contribution against them.
[4] Of course, communications with former employees who are known to be represented by counsel are covered by the ethical proscriptions of rule 4-4.2, regardless of the fact that they are not currently employed by another party in the dispute. Our decision today primarily concerns representation of an organization's employees and agents by the organization's lawyer.
[5] Indeed, by definition an "employee" can only be a current employee since an employee is "one employed by another usually for wages or salary." Merriam-Webster's Collegiate Dictionary at 379 (10th ed.1994). Therefore, since ex-employees obviously are no longer "employed" by the corporate defendant "for wages or salary," the term "employees" cannot reasonably be construed to include such a class.
[6] We commend the Florida Bar Ethics Committee for the thoroughness of its work in considering this issue.