PER CURIAM.
We grant the petition for writ of certiorari and quash the order of the trial court which prohibited counsel from engaging in ex parte contact with former employees of National Health Care Affiliates, Inc., d/b/a Woodlands Nursing Center, who cared for and treated the decedent whose estate is a party to this case. The trial court granted the defendant’s motion based on this court’s holding in Barfuss v. Diversicare Corp. of America, 656 So.2d 486 (Fla. 2d DCA 1995), Keesal v. First Healthcare Corp., 684 So.2d 214 (Fla. 2d DCA 1996), and Wilson v. Central Tampa Nursing Home, Ltd., 691 So.2d 14 (Fla. 2d DCA 1997). We had certified direct conflict with the holdings of Reynoso v. Greynolds Park Manor, Inc., 659 So.2d 1156 (Fla. 3d DCA 1995), and Estate of Schwartz v. H.B.A. Management, Inc., 673 So.2d 116 (Fla. 4th DCA 1996). Recently, the Florida Supreme Court disapproved Barfuss and held that Florida Rule of Professional Conduct 4-4.2 does not prohibit “an attorney’s ex parte communications with former employees of a defendant-employer.” H.B.A. Management, Inc. v. Schwartz, 693 So.2d 541, 546 (Fla.1997). Accordingly, the petition for writ of certiorari is granted, and the order prohibiting counsel from engaging in ex parte contact is quashed.
Certiorari granted.
PARKER, A.C.J., and ALTENBERND and WHATLEY, JJ., concur.