RAMIREZ, C.J.
 

 Community Asphalt Corporation and Alfredo Martinez appeal the trial court’s order granting a new trial based upon an improper closing argument. We reverse because the comments defense counsel made during closing argument were insufficient to warrant a new trial.
 

 This case involved a motorcycle accident in which Martinez’s truck struck Joaquin Bassols. Bassols sued Martinez, the driver, and Community Asphalt, the owner of the dump truck. Various witnesses testified at trial and both parties presented expert testimony. Credibility became a central issue in the case. Bassols’ sister testified about negotiations Bassols had with marketing brand Red Bull in relation to a contract for $1.4 million. The jury ultimately found no liability, and Bassols moved for a new trial based upon comments made during closing argument. In its order granting a new trial, the court noted that the defense counsel’s comments created the inference that available witnesses would have testified contrary to the plaintiff, the plaintiffs sister, and the rest of the family.
 

 Bassols maintains that during closing argument, defense counsel made an impermissible argument that Bassols had failed to call witnesses:
 

 Mr. Bassols admitted on the stand that at no time before the day that he heard his sister testify did he know about a $1.4 million deal with Red Bull. He didn’t even know it was Red Bull. He thought it was maybe Sony. He wasn’t sure. He let his sister handle all of that stuff. News to him: $1.4 million. You should expect more evidence than his sister coming into court. You should expect something from Red Bull.
 

 Bassols objected, and the trial court overruled the objection. Bassols contends that this argument violated the rule that when witnesses are equally available to both parties, no inference should be drawn or comments made on the failure of either party to call the witness.
 
 Haliburton v. State,
 
 561 So.2d 248, 250 (Fla.1990);
 
 Lowder v. Econ. Opportunity Family Health Ctr., Inc.,
 
 680 So.2d 1133, 1135-36 (Fla. 3d DCA 1996). We conclude that the objection was properly overruled. The phrase “something from Red Bull” did not necessarily mean a witness. After the objection was overruled, the next statement from defense counsel was, ‘You should expect a contract.” This was a permissible argument. A party is allowed to comment on the lack of evidence supporting the opposing party’s position. It was permissible for the defense to point out that Bassols had not produced a contract with Red Bull. Defense counsel next said:
 
 *540
 
 “[y]ou should expect perhaps one of his coaches to come in here. You should expect someone to come in and talk about his true opportunities to make the Olympics, not just Mr. Bassols’ word for it or his sister’s word for it”. While Bassols maintains that the argument violates
 
 Halibur-ton
 
 and
 
 Lowder,
 
 Bassols did not object. Defense counsel thereafter repeated a similar argument. Bassols did not object.
 

 In our view, the comments were neither highly prejudicial nor inflammatory so as to rise to the level of a mistrial.
 
 See Murphy v. Int’l Robotic Sys. Inc.,
 
 766 So.2d 1010 (Fla.2000);
 
 Norman v. Gloria Farms, Inc.,
 
 668 So.2d 1016 (Fla. 4th DCA 1996).
 

 We therefore reverse the order granting a new trial, and order reinstatement of the jury’s verdict.